

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-9-2008

# Tate v. Morris Cty Pros Ofc

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2430

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Tate v. Morris Cty Pros Ofc" (2008). *2008 Decisions.* Paper 867.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/867

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

NO. 07-2430

_____

JOHN W. TATE,

Appellant

v.

MORRIS COUNTY PROSECUTORS OFFICE; ESQ. MARGARET CALDERWOOD;
DET. STEPHEN WILSON; MORRIS COUNTY DYFS; MORRIS COUNTY PROSECUTORS
OFFICE INTERNAL AFFAIRS; JOHN DOE AND JANE ROE; A.B.C., 1,2,3,
UNKNOWN, ET ALS; ESQ. MELANIE SMITH, M.C.P.O.; DENISE RICHARDSON-BOWSER;
STATE OF NEW JERSEY, OFFICE OF THE PUBLIC DEFENDER; ESQ.
ELIZABETH SMITH; ESQ. PETER C. HARVEY, STATE OF NEW JERSEY, OFFICE
OF THE ATTORNEY GENERAL; ESQ. RONALD K. CHEN, OFFICE OF THE
PUBLIC ADVOCATE, STATE OF NEW JERSEY; CAPRICE SHAVES, STATE OF
NEW JERSEY, DEPARTMENT OF CORRECTIONS, INTERNAL AFFAIRS; ESQ.
DELORES MANN, MORRIS COUNTY PUBLIC DEFENDERS OFFICE, DEPUTY
PUBLIC DEFENDER; SUSAN VAN AMBURG, MORRIS COUNTY PUBLIC
DEFENDERS OFFICE, PUBLIC DEFENDER; LAURA EURE, DIVISION OF YOUTH
AND FAMILY SERVICES, MORRIS COUNTY DISTRICT; GRACE LUNDRY,
DIVISION OF YOUTH AND FAMILY SERVICES, MORRIS COUNTY DISTRICT
OFFICE SPECIALIST; ARLENE COHN, LAW GUARDIAN, OFFICE OF THE
PUBLIC DEFENDER; ESQ. ESTER BAKYONI, DEPUTY ATTORNEY
GENERAL; JACKIE MATHES, DIVISION OF YOUTH AND FAMILY SERVICES, DISTRICT
OFFICE MANAGER; JOANNE GRAVES, DIVISION OF YOUTH AND FAMILY
SERVICES, INSTITUTIONAL ABUSE UNIT; MELANIE GROSS, MORRIS
COUNTY PROSECUTORS OFFICE; THERAPIST MARK GREAVES, SMITH QUEST
ACADEMY; PSYD. CINDY BROWNING, CLINICAL THERAPIST, LGSW, CAC;
ESQ. PATRICIA PARKER; LINDA RYAN, F.S.S. N.P.D.O. DIVISION OF
YOUTH AND FAMILY SERVICES; SGT. ROBERT MAGNUSEN; MORRIS COUNTY
PROSECUTORS OFFICE; I.A.I.V. LISA FINNEGAN, DIVISION OF YOUTH
AND FAMILY SERVICES; MORRIS COUNTY CORRECTIONAL FACILITY,
ADMINISTRATIVE STAFF OFFICERS, CORRECTIONS OFFICERS

_____

On Appeal From the United States District Court
For the District of New Jersey
(D.C. Civ. No. 06-cv-05024)

District Judge: Honorable Susan D. Wigenton
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 19, 2008
Before: RENDELL, JORDAN and ROTH, Circuit Judges

(Filed: July 9, 2008)
_____

OPINION
_____

PER CURIAM

John W. Tate, a New Jersey state prisoner proceeding pro se, appeals from the

District Court's order dismissing his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

We will affirm in part, vacate in part, and remand for further proceedings.

I.

Tate is detained pending trial on state criminal charges. He instituted this action in

October 2006 by filing a form civil rights complaint. In general, the complaint alleges

certain misconduct by the Morris County Prosecutor's Office in connection with Tate's

pending charges. The complaint, however, appears to be missing one or more pages and

does not contain a specific prayer for relief. Tate's cover letter requested an extension of

time to "complete" his filing. Over the next six months, before any action by any

2

defendant or the District Court, Tate filed at least two other versions of a complaint. Those versions too appear incomplete. He also filed numerous letters, affidavits and other documents promising additional motions and pleadings that he appears never to have filed. Many of these documents express confusion about proper filing procedures.

The District Court granted Tate leave to proceed in forma pauperis, then dismissed this action under 28 U.S.C. § 1915(e)(2)(B) after concluding that he had failed to state a claim upon which relief could be granted. The District Court construed Tate's filings to assert three claims against the Prosecutor's Office and its personnel under 42 U.S.C. § 1983: (1) interrogation in violation of Miranda v. Arizona, 384 U.S. 436 (1966); (2) malicious prosecution; and (3) violation of his right to a speedy trial. The District Court did not discuss the status of Tate's filings or the possibility of amendment, and did not grant Tate leave to file an amended complaint. Tate appeals.[1]

## II.

The disposition of this appeal turns on two well-established principles. First, as the District Court recognized, complaints filed by pro se litigants must be liberally construed. See Erickson v. Pardus, – U.S. –, 127 S. Ct. 2197, 2200 (2007). Second, district courts in this circuit must grant leave to amend before dismissing a pro se civil

_____

[1]We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over the District Court's dismissal of the complaint, and review its decision not to grant leave to amend for abuse of discretion. See Winer Family Trust v. Queen, 503 F.3d 319, 325 (3d Cir. 2007).

rights complaint, even if the plaintiff does not request it, unless amendment would be futile or leave to amend is not warranted for some other reason. See Phillips v. County of Allegheny, – F.3d –, 2008 WL 305025, at *8-9 (3d Cir. Feb. 5, 2008); Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).

Here, the District Court properly identified the three claims described above and correctly explained why they fail as a matter of law. We refer the parties to the District Court's thorough opinion, which we have no need to summarize here. For the reasons explained by the District Court, we agree that those claims fail as a matter of law, and conclude that any amendment of those claims would be futile. Thus, we will affirm the District Court's judgment as to those three specific claims.

Our review of Tate's filings, however, suggests that he has attempted to assert at least two other claims – a claim that prison personnel have denied him access to certain legal materials in violation of the First Amendment, and a claim that prison personnel have been deliberately indifferent to his medical needs or have exposed him to a risk of physical injury in violation of the Fourteenth Amendment.[2] In one letter, for example, he complains that he has been unable to complete his filing because prison personnel are withholding certain legal materials. (Dist. Ct. Docket No. 8.) In other documents, he refers to "deliberate indifference," and has named as defendants various physicians and

---

[2]Tate is a pre-trial detainee, so this claim would lie under the Fourteenth Amendment, but Eighth Amendment cruel and unusual punishment standards apply. See Fuentes v. Wagner, 206 F.3d 335, 344 (3d Cir. 2000).

4

prison personnel, for reasons unapparent from his extant filings. He also filed what appears to be a table of contents for a proposed complaint, which includes a section captioned "deliberate indifference." (Dist. Ct. Docket No. 14.)

We do not believe that Tate's existing allegations actually state a § 1983 claim for the violation of his First or Fourteenth Amendment rights. Broadly construed, however, his filings suggest that he may have been attempting to assert such claims, and there is no indication that amendment of these apparent claims inevitably would be futile. Thus, under the circumstances, the District Court should have given Tate leave to file an amended complaint before dismissing this action altogether. Accordingly, we will vacate the District Court's judgment only to that extent. On remand, the District Court is directed to afford Tate an opportunity to file a single concise amended complaint, within a set period of time, asserting whatever claims he believes he has regarding his access to legal materials and his physical treatment while incarcerated. We emphasize that Tate is not to reassert the claims that the District Court has already addressed, and is not to reallege the conduct allegedly giving rise to those claims. We will affirm the judgment of the District Court in all other respects, as discussed above.

Appellees' motion to strike portions of the caption of Tate's pro se appellate brief is granted, and the names of Joseph D'Onofrio, Margaret Rodriguez, Sgt. Charles Brady and Sgt. Chris Then are hereby stricken from the caption of the brief.