**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-4374
_____

IRVING C. JONES,
                                Appellant

v.

TD BANK; OWENS COMMUNICATIONS, INC.
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 2-11-cv-07184)
District Judge:  Honorable J. William Ditter, Jr.

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
February 24, 2012
Before:  SCIRICA, SMITH and CHAGARES, Circuit Judges

(Opinion filed: March 14, 2012)
_____

OPINION
_____

PER CURIAM

In late 2011, appellant Irving Jones fell victim to an "advance fee" scam.  He had

received mail communication purporting to be from Owens Communications, offering

him financial compensation in exchange for his completing certain "mystery shopper"

1

tasks.[1]  In dire financial straits, Jones completed the assignments, deposited the check given to him by Owens, and wired money to two individuals in Atlanta, Georgia.  As he deposited the check at TD Bank, Jones asked the teller when it would clear, and was assured that it would be "ready within two days."  Apparently, the check never cleared, and Jones was left in overdraft status, his "contact" at Owens having vanished.

Jones filed suit against Owens and TD Bank, alleging violations of the Civil Rights Act and the 13th and 14th Amendments to the United States Constitution, actionable via 42 U.S.C. § 1983.  He claimed that the defendants "not only cooperated with each other but conspired to violate the Civil Rights Act.  They both conspired to illegally extract labor from an African American without payment."  Jones also suggested that the defendants retaliated against him, in violation of the First Amendment, due to his former membership in the Communist party.

Having granted Jones in forma pauperis status, the District Court dismissed the complaint pursuant to its screening responsibilities under 28 U.S.C. § 1915(e).  It determined that Jones had failed to show that the defendants acted under color of state law, a necessary element of a § 1983 suit.  Jones appealed.[2]

We agree with the District Court's decision.  Stating a claim under § 1983 requires showing that (1) the defendant acted under color of state law and (2) the

---

[1] See Katharine Harmon, Police Warn of Scams, The Evening Sun (Hanover), Dec. 1, 2009; Fed. Bureau of Investigations, "Work at Home Scams" (Apr. 17, 2009), http://www.fbi.gov/news/stories/2009/april/workathome_041709 (last visited Feb. 10, 2012).

[2] We have jurisdiction under 28 U.S.C. § 1291, and "[o]ur review of a district court decision dismissing a complaint as frivolous is plenary."  Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990).

defendant's actions deprived the plaintiff of a right secured by the United States Constitution or a federal statute. Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011). Without satisfaction of the "state action requirement," a suit under § 1983 cannot be sustained. See Henderson v. Fisher, 631 F.2d 1115, 1119 (3d Cir. 1980) (per curiam). Nowhere does Jones allege that either defendant was "clothed with the authority of state law." United States v. Classic, 313 U.S. 299, 326 (1941). Accordingly, the District Court was correct to dismiss the § 1983 claims.

Jones alternatively premised his complaint on violations of the Civil Rights Act of 1964 and federal mail-fraud statutes. However, he pleaded no facts that would elevate his accusations of discrimination above the conclusory and speculative. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). To the extent that Jones attempted to sue under the Federal Mail Fraud statute, 18 U.S.C. § 1341, he lacked a private right of action to do so. See Wisdom v. First Midwest Bank, 167 F.3d 402, 408 (8th Cir. 1999) (collecting cases).

As a general rule, "plaintiffs whose complaints fail to state a cause of action are entitled to amend their complaint unless doing so would be inequitable or futile." Grayson v. Mayview State Hosp., 293 F.3d 103, 111 (3d Cir. 2002). While the District Court did not address the question of amendment in its order, its failure to do so was not error, as the defects in the complaint that we have identified above could not be corrected with an amendment.

In sum, as we find that this appeal presents no "substantial question, we will summarily affirm the District Court's judgment." Murray v. Bledsoe, 650 F.3d 246, 248 (3d Cir. 2011) (per curiam); see also 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

3