CLD-354                                                        NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-2487
_____

GLORIA SCARNATI,
Appellant

v.

SOCIAL SECURITY ADMINISTRATION OF PHILADELPHIA PA OFFICE, et al.
and its DIRECTOR, et al, individually; ELAINE GARRISON DANIELS, et al,
individually; LAURIE WATKINS, et al, individually; MCKEESPORT SOCIAL
SECURITY OFFICE, et al; CHRIS TETZLAFF, et al, individually; MT. LEBANON
SOCIAL SECURITY OFFICE, et al; MRS. SWICK, et al, individually; ALAN
BELINSKY, et al, individually

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(W.D. Pa. Civil No. 2-13-cv-00575)
District Judge:  Honorable Arthur J. Schwab

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
July 25, 2013

Before:  RENDELL, JORDAN and SHWARTZ, Circuit Judges

(Opinion filed:  August 14, 2013)
_____

OPINION
_____

PER CURIAM

Pro Se Appellant Gloria Scarnati, proceeding in forma pauperis, appeals the District Court's dismissal of her complaint filed pursuant to a litany of federal and state statutes, including the Americans With Disabilities Act, the Pennsylvania Whistleblowers Act and 42 U.S.C. § 1983. We will dismiss the appeal as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

I.

In March 2013, Scarnati filed a complaint against the Social Security Administration of Philadelphia, its Director, the McKeesport Social Security office, the Mount Lebanon Social Security office, and various employees of those offices. Scarnati is not alleging any loss of her Social Security Benefits. Instead, Scarnati contends that over the last ten years she has been "intimidated, harassed, libeled, slandered[,] continuously victimized, mentally tormented and deliberately tortured by the actions of the defendant employees…through mailings and threatened with the loss of [benefits]" resulting in violations of her constitutional rights. Compl., dkt #1, p. 4. The complaint specifies three claims: (1) retaliation against the plaintiff for being a whistleblower, in violation of the First, Fourth and Fourteenth Amendment; (2) lack of enforcement of the Americans with Disabilities Act in Pennsylvania; and (3) retaliation against the plaintiff's exercise of her First Amendment rights. Scarnati seeks injunctive, declaratory, compensatory and punitive relief.

The District Court dismissed the complaint with prejudice as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and denied her subsequent motion for reconsideration and for extension of time to appeal. This timely appeal followed.

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291 and "[o]ur review of a district court decision dismissing a complaint as frivolous is plenary." Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990).

## III.

Title 28 U.S.C. § 1915(e)(2)(B)(i) requires us to dismiss an appeal at any time if it is frivolous or malicious. An appeal is frivolous if it "lacks an arguable basis either in law or fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

Upon review of the record, we agree with the District Court that Scarnati's claims are frivolous. Scarnati's complaint is replete with abrupt legal conclusion and jumbled factual allegations. Almost each paragraph of her complaint includes an unsupported legal conclusion based on a different state or federal law. However, Scarnati specifically articulated three counts under separate headings in an attempt to concisely show her constitutional rights have been violated.

Scarnati claims that the Appellees mailed her threatening letters and falsified her Social Security paperwork to retaliate against her for being a whistleblower thereby violating of her First, Fourth and Fourteenth Amendment rights. This claim is indisputably meritless. Scarnati has made no allegation that she is, or has been,

3

employed by the Social Security Administration, or employed at all for that matter, in the last ten years during which the alleged retaliation occurred. Scarnati is therefore not a current or former employee and is not a whistleblower under the Federal or the Pennsylvania Whistleblowers Acts. See 5 U.S.C. § 2302(a)(2)(B); 43 P.S. § 1422.

In her second claim Scarnati alleges that the Americans with Disabilities Act is not being enforced in Pennsylvania, but she provided no factual allegations to support her claim.

Scarnati's third claim is captioned "First Amendment Retaliation" but quickly descends into a description of how the Appellees, through criminal means, are conspiring to remove her from the Social Security rolls. Scarnati claims that to accomplish their ends, Appellees have abused their office, sent threatening letters by mail, illegally opened her mail, invented untrue statements about her, slandered her, falsified her records and treated her differently from others on Social Security. Scarnati also claims that Appellees are trying to kill her by inducing a stroke and that Pennsylvania is trying to kill her for being a whistleblower. As a result of this conspiracy, Scarnati claims her First and Fourteenth Amendment rights have been violated and that Appellees are also liable under the Federal Tort Claims Act, 28 U.S.C. § 1346(b)(1).

This Court understands and appreciates that Scarnati was displeased, even shocked, by the letters she received from Appellees, which she interpreted as a threat to her only source of income. However, she has pled no facts that would elevate her

accusations above the conclusory and speculative. See Ashcroft v. Iqbal, 556 U.S. 662 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007).[1]

IV.

Thus finding that Scarnati's complaint lacks an arguable basis either in law or fact, we will dismiss her appeal as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

---

[1] As a general rule, "plaintiffs whose complaints fail to state a cause of action are entitled to amend their complaint unless doing so would be inequitable or futile." Grayson v. Mayview State Hosp., 293 F.3d 103, 111 (3d Cir. 2002). We agree with the District Court that granting Scarnati leave to amend her complaint would be futile.