ALD-242                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-4421
_____

CHRISTIANA ITIOWE,

Appellant

v.

THE TRENTONIAN; JOURNAL REGISTER COMPANY; THE STATE OF NEW
JERSEY; THE CITY OF TRENTON; THE TRENTON TIMES; ADVANCE
PUBLICATIONS INC.; DISCOVERY COMMUNICATIONS
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 3-13-cv-05779)
District Judge:  Honorable Joel A. Pisano
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
June 18, 2015

Before:  RENDELL, CHAGARES and SCIRICA, Circuit Judges

(Opinion filed:  July 13, 2015)
_____

OPINION*
_____

PER CURIAM

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Pro se appellant Christiana Itiowe ("Itiowe") appeals the District Court's order dismissing her complaint, denying her motion to amend her complaint, and denying her motion to change venue as moot, which all followed the defendant City of Trenton's motion to dismiss for failure to state a claim and for lack of subject matter jurisdiction. Because her appeal lacks any arguable basis in law or fact, we will dismiss the appeal pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

## I.

Itiowe filed a pro se complaint in the District Court naming various media entities and government parties as defendants, and demanding $500 million in damages. As the District Court did, we construe Itiowe's complaint and her numerous subsequent submissions together, and we refer collectively to those filings as Itiowe's complaint. Itiowe alleges that she and her sister Victoria Itiowe's freedom-of-press rights were violated when Itiowe was terminated from her position as an on-air radio personality and board operator at the WIMG 1300AM radio station—which is not named as a defendant. That termination allegedly followed Itiowe's efforts to litigate a previous lawsuit on behalf of her sister related to her sister's medical care, and her attempt to speak about that incident and about police misconduct on the air.

Itiowe's complaint never connects any named defendant's actions or omissions to her alleged termination. However, the complaint appears to allege that The Trentonian and The Trenton Times have failed to report fully on the incidents underlying Itiowe's previous lawsuits, and that the Trenton Police made false statements about Itiowe and also withheld information about the incidents underlying Itiowe's previous litigation. In

a motion to amend the complaint and in additional letters, Itiowe appears to request that certain government officials bring criminal harassment charges against various parties.

No defendant has been served. However, counsel for the City of Trenton certified that he became aware of this lawsuit through a docket search, after Itiowe sent him letters concerning parking tickets she received. As a result, counsel filed a motion to dismiss Itiowe's complaint under Federal Rules of Civil Procedure 8(a), 12(b)(1), and 12(b)(6).

The District Court dismissed the complaint in its entirety, concluding that Itiowe had not made a short and plain statement of any legally cognizable claim, and that she lacked standing to litigate claims brought on behalf of her sister. The District Court then also denied Itiowe's motion to amend her complaint as futile on the ground that a civil lawsuit may not initiate criminal charges against a party, and denied her motion to change venue. This appeal followed.

## II.

We have jurisdiction over the District Court's orders pursuant to 28 U.S.C. § 1291.[1] Itiowe's complaint was subject to dismissal "if the pleading [did] not plausibly suggest an entitlement to relief," and our review of that question is plenary. Huertas v.

---

[1] Although the District Court at first indicated that it was dismissing Itiowe's complaint without prejudice, it then refused her leave to amend that complaint. We note that the District Court had initially given Itiowe at least one opportunity to cure the defects in her complaint after her initial application for in forma pauperis status (which the District Court had denied), but then concluded that her proposed amendments were legally insufficient and that amendment was futile. Under these circumstances, we understand the District Court to have effected a final, appealable judgment. See, e.g., GFL Advantage Fund, Ltd. v. Colkitt, 272 F.3d 189, 198 n.3 (3d Cir. 2001) (concluding that even after the dismissal of a claim without prejudice, an order is final and appealable "when the district court has divested itself of the case entirely. . . . Consequently, the court's order . . . terminated the suit so far as the court was concerned").

Galaxy Asset Mgmt., 641 F.3d 28, 32 (3d Cir. 2011); Monroe v. Beard, 536 F.3d 198, 205 (3d Cir. 2008). However, we review the District Court's determination that the complaint fails to meet the short-and-plain-statement requirement of Rule 8 for an abuse of discretion. See In re: Westinghouse Sec. Litig., 90 F.3d 696, 702 (3d Cir. 1996). Likewise, the denial of a motion for leave to amend the complaint is reviewed for an abuse of discretion. See Lorenz v. CSX Corp., 1 F.3d 1406, 1413 (3d Cir. 1993). We will dismiss an appeal under 28 U.S.C. § 1915(e)(2)(B)(i) if it lacks any arguable basis in law or fact, see 28 U.S.C. § 1915(e)(2)(B)(i); Roman v. Jeffes, 904 F.2d 192, 194-95 (3d Cir. 1990), and we may rely on any grounds supported by the record, see Hughes v. Long, 242 F.3d 121, 122 n.1 (3d Cir. 2001).

The District Court did not err in dismissing Itiowe's complaint. Itiowe failed to state a claim against the City of Trenton—or against any defendant—substantially for the reasons explained by the District Court.[2]

With respect to Itiowe's claim that her sister's First Amendment rights were violated, Itiowe lacks standing to seek damages herself because, with exceptions not at

---

[2] We largely confine our discussion to the claims brought against the City of Trenton. Regarding the other claims, we note that a federal court may sua sponte dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) when the allegations within the complaint "are so attenuated and unsubstantial as to be absolutely devoid of merit, . . . wholly insubstantial, . . . obviously frivolous, . . . plainly unsubstantial, . . . or no longer open to discussion." Hagans v. Lavine, 415 U.S. 528, 536-37 (1974) (internal citations and quotation marks omitted). Here, the claims against the remaining parties were "plainly unsubstantial" and thus also subject to dismissal. In particular, we note that Itiowe's allegations against the non-government parties were especially insubstantial because a litigant has no viable First Amendment civil rights case against non-state actors who have not been plausibly alleged to have acted under the color of state law. See Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999). Even if Itiowe would like various media entities to report in full on her circumstances, she may not bring a civil rights case in federal court to require them to do so.

issue here, litigants "cannot rest a claim to relief on the legal rights or interests of third parties." Powers v. Ohio, 499 U.S. 400, 410 (1991). Itiowe also lacks the authority to assert claims on her sister's behalf because a party may not represent another party pro se. See Osei-Afriyie v. Med. Coll. of Pa., 937 F.2d 876, 883 (3d Cir. 1991).[3]

As for Itiowe's own rights, we agree with the District Court that Itiowe's difficult-to-follow complaint fails to suggest the existence of any plausible claim. A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). And in particular, "a complaint should set forth 'who is being sued, for what relief, and on what theory, with enough detail to guide discovery.'" Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004) (quoting McHenry v. Renne, 84 F.3d 1172, 1178 (9th Cir. 1996)). To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Assessing plausibility is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679.

A pro se plaintiff like Itiowe is given some leeway in meeting the Federal Rules' pleading requirements, see Dluhos v. Strasberg, 321 F.3d 365, 369 (3d Cir. 2003), but

---

[3] We note that the District Court's opinion states that "claims brought on behalf of Victoria Itiowe" are "dismissed with prejudice." We do not interpret that disposition as affecting claims that Victoria Itiowe might herself bring, or that a properly authorized representative of Victoria might bring on Victoria's behalf—rather, here it is Itiowe's effort to base a civil rights claim on her sister Victoria's rights that was dismissed with prejudice.

even under that relaxed standard her complaint fails to state a plausible federal claim against the City of Trenton, or any other government entity, see Fantone v. Latini, 780 F.3d 184, 193 (3d Cir. 2015) (although a pro se complaint is held to less stringent requirements, it must still meet Twombly and Iqbal's plausibility standard). Itiowe's narratives never set out how any named defendant acted or failed to act in a way that violated her First Amendment rights. At most, Itiowe alleges that the "Trenton Police" is a "client" of the radio station that terminated her, but she never pleads facts concerning how that alleged relationship in any way could have caused her termination or otherwise limited her freedom-of-press rights. Moreover, even if any (here unnamed) city government official had somehow deprived the Itiowe sisters of a First Amendment right, nothing in Itiowe's filings sets out how that hypothetical official's actions could be attributable to the City of Trenton. See Connick v. Thompson, —— U.S. ——, 131 S. Ct. 1350, 1359 (2011) (local governments are not vicariously liable for their employees' actions and a plaintiff must instead prove that an official municipal policy caused the plaintiff's injury).

Itiowe's proposed amendment suffers from similar deficiencies, and as a result the District Court did not abuse its discretion in denying Itiowe's motion to again amend her complaint as futile. See Alston, 363 F.3d at 235. Although the nature of the amendment is difficult to discern, it appears that the motion seeks to add the President of the United States, the Governor of New Jersey, and the Mayor of the City of Trenton as defendants for purposes of initiating criminal harassment charges against the Trenton Police Department, and potentially also against court personnel in New Jersey. But as the District Court correctly observed, a private plaintiff may not sue in federal court to

6

require the government to bring criminal charges. See Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973). Moreover, Itiowe's proposed amendment pleads no facts that, if accepted as true, would plausibly support Itiowe's conclusory statement that various parties have been engaging in "retaliative, [h]arassing[,] and stalking acts" against her, as she has alleged—let alone acts that could subject a state actor to liability in a federal civil rights case. See Iqbal, 556 U.S. at 682.

Finally, having dismissed the case, the District Court was correct to conclude that Itiowe's motion to change venue was moot.

For these reasons, we will dismiss the appeal.