904 F.2d 192
 Jason ROMAN a/k/a James Edward Rose, Jr., Appellant,
v.
Glen JEFFES, Ron Neimeyer, Robert Andrews, Elwood Buchman,
County of Lehigh, Robert Olander, James Onembo,
and County of Northampton.
 No. 89-1588.
 United States Court of Appeals,
Third Circuit.
 Submitted under Third Circuit Rule 12(6)
Feb. 28, 1990.
Decided June 8, 1990.
 
 Jason Roman a/k/a James Edward Rose, Jr. c/o Thomas Anthony, Bethlehem, Pa., pro se.
 M. Kelly Tillery, Francis M. Chmielewski, Philadelphia, Pa., for appellees Robert Olander, James Onembo and County of Northampton.
 Thomas M. Caffrey, Patrick J. Reilly, Lehigh County Dept. of Law, Allentown, Pa., for appellees Glen Jeffes, Ronald Neimeyer, Robert Andrews, Elwood Buchman and County of Lehigh.
 Before BECKER, GREENBERG and VAN DUSEN, Circuit Judges.
 OPINION OF THE COURT
 BECKER, Circuit Judge.
 
 
 1
 This is a prisoner's civil rights case, 42 U.S.C. Sec. 1983, in which the district court, after the initial grant of in forma pauperis status, 28 U.S.C. Sec. 1915(a), and service of process on certain defendants, dismissed the complaint as legally frivolous under 28 U.S.C. Sec. 1915(d). Plaintiff, Jason Roman, an inmate at Lehigh County Prison in Allentown, PA, proceeding pro se, appeals from this judgment. The appeal presents the important question whether dismissal of a complaint as frivolous pursuant to Sec. 1915(d) is appropriate at that stage of the proceeding. We conclude that it is not, and that the district court erred in sua sponte dismissing the complaint as frivolous after it had been served on opposing counsel. Alternatively, we hold that the complaint, even without amendment, had arguable merit which would foreclose a Sec. 1915(d) dismissal. Accordingly, we will vacate the district court's order and remand the case to the district court for further proceedings.I.
 
 
 2
 In March, 1989, plaintiff filed a civil rights action in the district court for the Eastern District of Pennsylvania, asserting violations of his constitutional rights. Named as defendants were various prison officials of the Lehigh and Northampton County prison systems, as well as Lehigh and Northampton Counties. Plaintiff asserted that his constitutional rights were violated because, upon his February 13, 1989 transfer from the Northampton County prison to the Lehigh County prison, he was permitted to bring only one bag of possessions with him and thus had to leave some legal materials behind at the Northampton County prison. Plaintiff requested the court to order the seizure of his legal materials from the Northampton County prison and to order the Lehigh County prison to allow him to keep all of his legal materials with him. Plaintiff moved to proceed in forma pauperis at the time he filed his complaint.
 
 
 3
 On May 2, 1989, the district court granted plaintiff in forma pauperis status under 28 U.S.C. Sec. 1915(a), but dismissed the claims against Lehigh and Northampton Counties as frivolous under 28 U.S.C. Sec. 1915(d).[1] The court ordered that the remaining individual defendants be served with the complaint. The individual defendants then filed answers to the complaint but did not file motions to dismiss under Fed.R.Civ.P. 12(b)(6). Plaintiff subsequently filed motions for "records and court order," for "writ of seizure of personal and legal property," for appointment of counsel, for permission to amend the complaint, and for default judgment. The district court denied all of plaintiff's motions on June 14, 1989. Also on June 14, 1989, the district court sua sponte dismissed the rest of plaintiff's complaint as frivolous, again pursuant to 28 U.S.C. Sec. 1915(d). The district court did so because it concluded that plaintiff was seeking to litigate the same claims raised in another, class action, lawsuit filed against various Lehigh County prison officials, Vazquez v. Carver, E.D.Pa.Civ. No. 86-3020.
 
 
 4
 Plaintiff timely filed a notice of appeal, and we granted leave to proceed in forma pauperis on appeal in order to determine the propriety of the Sec. 1915(d) dismissal in this case. Our review of a district court decision dismissing a complaint as frivolous is plenary. Wilson v. Rackmill, 878 F.2d 772, 774 (3d Cir.1989).
 
 II.
 
 5
 Under 28 U.S.C. Sec. 1915(d), a district court is authorized to dismiss as frivolous claims based on an indisputably meritless legal theory and claims whose factual contentions are clearly baseless. Neitzke v. Williams, --- U.S. ----, 109 S.Ct. 1827, 1833, 104 L.Ed.2d 338 (1989). "Within the former category fall those cases in which either it is readily apparent that the plaintiff's complaint lacks an arguable basis in law or that the defendants are clearly entitled to immunity from suit; within the latter are those cases describing scenarios clearly removed from reality." Sultenfuss v. Snow, 894 F.2d 1277, 1278 (11th Cir.1990). A complaint that arguably states a claim should go forward.
 
 
 6
 Neitzke identified two goals underlying the district court's power to grant in forma pauperis status and dismiss under 28 U.S.C. Sec. 1915(d): (1) insuring that all litigants receive equal consideration and the protection of the Federal Rules of Civil Procedure,[2] and (2) weeding out claims that lack an arguable basis in law and fact.[3] Neitzke, 109 S.Ct. at 1834. Neitzke makes clear that dismissal of a complaint or claim as frivolous pursuant to Sec. 1915(d) is not governed by the same standard as dismissal under Rule 12(b)(6) for failure to state a claim. Complaints that fail to state a claim under Rule 12(b)(6) are not "automatically" frivolous under Sec. 1915(d). Neitzke, 109 S.Ct. at 1827. Rather, "Rule 12(b)(6) countenances the dismissal of a suit 'if as a matter of law it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.' " Abdul-Akbar v. Watson, 901 F.2d 329, 334-35 (3d Cir.1990) (quoting Neitzke, 109 S.Ct. at 1832). The district court's power to dismiss as frivolous under Sec. 1915(d), on the other hand, is limited to screening out only those claims that are based on an indisputably meritless legal theory or whose factual contentions are clearly baseless.[4] Neitzke, 109 S.Ct. at 1833. The fact that Sec. 1915(d) authorizes dismissal of only frivolous claims suggests that those claims which survive the threshold determination of nonfrivolousness, even those that ultimately may be dismissed for failure to state a claim under Rule 12(b)(6), should go forward according to the adversary mode of the Federal Rules of Civil Procedure.[5] The defendants then can answer, and the plaintiff can receive notice of the possibility of a Rule 12(b)(6) dismissal and be given an opportunity to amend the complaint in order properly to state a legal claim. Wilson, 878 F.2d at 774.
 
 
 7
 In light of the Supreme Court's reasoning in Neitzke and the underlying purposes of Sec. 1915, we hold that the appropriate time to make a decision to dismiss a case pursuant to Sec. 1915(d) is before service of a complaint.[6] Accord Williams v. White, 897 F.2d 942, 944 n. 1 (8th Cir.1990) (Section 1915(d) should be used to screen out frivolous claims only at the outset of litigation, before service).
 
 
 8
 In the instant case, the district court granted plaintiff leave to proceed in forma pauperis, dismissed the claims against the Counties of Lehigh and Northampton as frivolous pursuant to Sec. 1915(d), ordered service of the complaint on the remaining individual defendants (various prison officials), and then, after answers were received, sua sponte dismissed the remaining claims as frivolous. However, for the reasons we have stated, we believe that once the district court made the initial threshold determination that some of the claims were not frivolous and that service should issue, the court should not have subsequently used Sec. 1915(d) to dispose of those originally non-frivolous claims. First, dismissing the case as frivolous after service on defendants does not serve the Neitzke goal of using Sec. 1915(d) to weed out frivolous claims at the outset. Second, the threat of Sec. 1915(d) dismissal at any time in the course of litigation accords disparate treatment to indigent litigants.[7] It allows the district court effectively to bypass the procedural protections accorded any litigant, including litigants proceeding in forma paueris, under the Federal Rules of Civil Procedure.
 
 
 9
 We are mindful of the fact that many claims that survive the threshold determination of nonfrivolousness do not deserve extended discovery and an extensive trial on the merits. However, with a properly presented 12(b)(6) motion, the district court can dismiss the case, if warranted.[8] Moreover, there are times when a court may sua sponte raise the issue of the deficiency of a pleading under Rule 12(b)(6) provided that the litigant has the opportunity to address the issue either orally or in writing. See Bryson v. Brand Insulations, Inc., 621 F.2d 556, 559 (3d Cir.1980); Dougherty v. Harper's Magazine Company, 537 F.2d 758, 761 (3d Cir.1976). These methods of disposing of the case provide due process protections (i.e., notice and an opportunity to respond), which in forma pauperis litigants are entitled to receive. Neitzke, 109 S.Ct. at 1834.[9]
 
 III.
 
 10
 Although the foregoing procedural analysis constitutes sufficient grounds to reverse the district court's judgment, given the importance of guidance in this area and in the interest of judicial economy, we will evaluate the substantive basis on which the district court dismissed the complaint. Before service on the individual defendants, the district court dismissed the claims against Lehigh and Northampton Counties on the ground that under 42 U.S.C. Sec. 1983, respondeat superior is not a basis for municipal liability. Monell v. New York City Department of Social Services, 436 U.S. 658, 691, 98 S.Ct. 2018, 2036, 56 L.Ed.2d 611 (1978). However, to the extent that plaintiff's complaint can be read to allege that both counties maintain policies regarding transfer and possession of inmates' personal and legal materials, and that those policies reflect deliberate indifference to the constitutional rights of inmates, the counties may not escape liability. See Stoneking v. Bradford Area School District, 882 F.2d 720, 725 (3d Cir.1988), cert. denied, --- U.S. ----, 110 S.Ct. 840, 107 L.Ed.2d 835 (1990). "The touchstone of [a] Sec. 1983 action against a government body is an allegation that official policy is responsible for a deprivation of rights protected by the Constitution...." Monell v. New York City Department of Social Services, 436 U.S. 658, 690, 98 S.Ct. 2018, 2036, 56 L.Ed.2d 611 (1978). A municipality may also be sued for "constitutional deprivations visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking channels." Id. at 691, 98 S.Ct. at 2036.
 
 
 11
 As Neitzke points out, the liberal pleading standard of Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 reh'g denied, 405 U.S. 948, 92 S.Ct. 963, 30 L.Ed.2d 819 (1972), "applies only to a plaintiff's factual allegations." Neitzke, 109 S.Ct. at 1834 n. 9. A fair reading of the factual allegations of plaintiff's complaint suggests that plaintiff could make out a claim based on a policy or custom theory of Sec. 1983 liability, not merely a respondeat superior claim. Responsive pleadings, therefore, may enable the plaintiff to clarify his legal theories. Id. Thus, the district court erred in dismissing plaintiff's claims as if brought only under a theory of respondeat superior.
 
 
 12
 Construing the factual allegations of plaintiff's pro se complaint liberally, as we must under Haines, we believe that plaintiff has alleged that Northampton County allowed him to bring only one bag of personal possessions with him when he was transferred from Northampton County Prison to Lehigh County Prison and that Northampton County Prison informed plaintiff that unless he arranged for the removal of the remainder of his belongings within thirty days of his transfer, the belongings would be destroyed. Plaintiff further alleged that Lehigh County permitted him to bring only one bag of personal possessions with him when he was transferred from Northampton County Prison to Lehigh County Prison and that prison officials at Lehigh informed him that he would be allowed to keep, in his cell, only those "legal materials" that pertained to Lehigh County cases.[10]
 
 
 13
 We cannot say that plaintiff's claims are themselves factually or legally frivolous. It is well-established that prisoners have a fundamental constitutional right of access to the courts. Bounds v. Smith, 430 U.S. 817, 821, 97 S.Ct. 1491, 1494, 52 L.Ed.2d 72 (1977). Plaintiff asserts that he was deprived of his "legal materials" because the prisons would not allow him to carry all of his materials with him when he was transferred from Northampton to Lehigh County Prison and that he was subjected to further unconstitutional deprivation when Lehigh County Prison officials informed him that he would be permitted to keep only those legal materials which were relevant to his Lehigh County cases. Plaintiff is proceeding pro se in numerous lawsuits in different jurisdictions, and he argues that he is being deprived of meaningful access to the courts.
 
 
 14
 Although it is not clear what plaintiff means by "legal materials," if he is referring to legal research notes, copies of orders issued in the cases in which he is involved or pleadings filed by opposing parties, it is clear that these materials are core materials, central to his right of access to the courts. An alleged deprivation of core legal materials is not a frivolous claim. See Peterkin v. Jeffes, 855 F.2d 1021, 1041 (3d Cir.1988). On the other hand, if by "legal materials" plaintiff means his personal store of pens, pencils and writing papers, he also must show "actual injury" in order for his complaint to proceed. Kershner v. Mazurkiewicz, 670 F.2d 440, 445 (3d Cir.1982). Plaintiff may have shown this injury if the voluminous additional materials he filed can be construed as exhibits to his complaint. These papers allege that without his legal materials he is unable to meet the court imposed deadlines for appeals in his various cases. This alleges sufficient actual injury to satisfy the Kershner requirement.
 
 
 15
 It is clear that prison regulations which impinge on inmates' constitutional rights may be valid as long as they are reasonably related to legitimate penological interests. Turner v. Safley, 482 U.S. 78, 89, 107 S.Ct. 2254, 2261, 96 L.Ed.2d 64 (1987). The pertinent issue, however, is not whether the counties can show that the limit placed on plaintiff's access to the courts is reasonable, but whether the allegations in plaintiff's complaint are based on an indisputably meritless legal theory or on clearly baseless factual contentions. Wilson, 878 F.2d at 774. Even if plaintiff's claims later suffer dismissal under Rule 12(b)(6), his allegations, in our view, are not clearly devoid of merit. Id. at 775, Neitzke, 109 S.Ct. at 1833. See also Abdul-Akbar, 901 F.2d at 334-35 (plaintiff's claim that corrections officers ordered him to pack much of his legal materials and dispose of it is not frivolous).
 
 
 16
 After the individual defendants answered, the district court subsequently dismissed the remaining claims against these defendants as frivolous, concluding that the complaint raised the same issues being litigated in the class action suit of Vazquez v. Carver. We have reviewed the Vazquez complaint and conclude that the district court erred. The complaint in Vazquez seeks to litigate only issues regarding the allegedly heinous conditions of confinement at the Lehigh County prison, alleged disparate treatment of women and minorities, and an alleged lack of access to the law library. The Vazquez class action does not seek to litigate the issues of which plaintiff now complains, i.e., that the Northampton County prison kept some of his legal materials, that he was allowed to bring only one box of legal materials with him upon his transfer to the Lehigh County prison and that Lehigh County would permit him to keep only legal papers related to his Lehigh County cases.
 
 IV.
 
 17
 For the foregoing reasons, we will vacate the judgment of the district court and remand for further proceedings consistent with this opinion.
 
 
 
 [1]
 This court uses a two-step analysis in evaluating motions to proceed under Sec. 1915. First, the district court evaluates a litigant's financial status and determines whether (s)he is eligible to proceed in forma pauperis under Sec. 1915(a). Second, the court assesses the complaint under Sec. 1915(d) to determine whether it is frivolous. Sinwell v. Shapp, 536 F.2d 15 (3d Cir.1976). Likewise, when deciding a motion to proceed in forma pauperis on appeal, this court grants or denies in forma pauperis status based on economic criteria alone and then, if warranted, dismisses the appeal as frivolous pursuant to Sec. 1915(d). See Walker v. People Express Airlines, Inc., 886 F.2d 598, 601 n. 2 (3d Cir.1989) (recognizing that the circuits vary in their interpretations of Sec. 1915, but noting that Neitzke v. Williams, --- U.S. ----, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989) declined to rule on the preferred approach)
 
 
 [2]
 See also 28 U.S.C. Sec. 1915(c) which states that after the court grants in forma pauperis status, "the same remedies shall be available as are provided for by law in other cases"
 
 
 [3]
 "Section 1915(d) is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11." Neitzke, 109 S.Ct. at 1832-33. Of course, financial considerations alone will not serve to deter some paying litigants from bringing frivolous claims
 
 
 [4]
 Prior to Neitzke, this court had a policy of giving pro se litigants proceeding in forma pauperis a chance to amend their complaints prior to a Sec. 1915(d) dismissal. See Ross v. Meagan, 638 F.2d 646, 650 (3d Cir.1981) (failure of district court to allow plaintiffs to amend complaint dismissed as frivolous for failure to state Sec. 1983 claims with specificity was an abuse of discretion). This policy followed from our view that the Rule 12(b)(6) and Sec. 1915(d) standards were the same, see Harris v. Cuyler, 664 F.2d 388, 389 n. 3 (3d Cir.1981), and that under Rule 12(b)(6) pro se plaintiffs were allowed to amend their complaints before dismissal. Neitzke, however, clarified the fact that Rule 12(b)(6) and Sec. 1915(d) serve distinct goals. Neitzke, 109 S.Ct. at 1832. Wilson, 878 F.2d at 774 n. 1. Accordingly, dismissal under Sec. 1915(d) is appropriate only when the complaint is truly frivolous and no amendment would cure the defect. See also U.S. ex rel. Walker v. Fayette County, Pennsylvania, 599 F.2d 573, 576 (3d Cir.1979) (when district court determines that an apparently frivolous complaint can be cured by amendment, plaintiff should be given an opportunity to amend)
 
 
 [5]
 Neitzke does not foreclose the district court from dismissing, under Rule 12(b)(1), complaints that are so attenuated and unsubstantial that the court lacks subject matter jurisdiction over the claims. Neitzke, 109 S.Ct. at 1832 n. 6 (citing Hagans v. Lavine, 415 U.S. 528, 536-37, 94 S.Ct. 1372, 1378-79, 39 L.Ed.2d 577 (1974) and Bell v. Hood, 327 U.S. 678, 682-83, 66 S.Ct. 773, 776, 90 L.Ed. 939 (1946))
 
 
 [6]
 We note that in 1980, the Federal Judicial Center's Prisoner Civil Rights Committee, chaired by our colleague Judge Ruggero J. Aldisert, recommended that the decision whether to dismiss pursuant to Sec. 1915(d) be made prior to the issuance of process, in order to spare the defendant the expense and inconvenience of answering a frivolous complaint. Federal Judicial Center, Recommended Procedures for Handling Prisoner Civil Rights Cases in the Federal Courts 59 (1980). The Committee further recommended that in borderline cases, the court should not dismiss, but should let the case proceed and rule on a subsequent motion to dismiss if one is presented. Id. at 60. "Where a complaint fails to state a claim for which relief may be granted and for which no amendment can properly state such a claim, there are two levels in the preliminary proceedings where the complaint may be dismissed. The first may be under the authority of 28 U.S.C. Sec. 1915(d) even prior to service of the complaint upon the defendant. After service upon the defendant, the court may entertain a motion for dismissal under Rule 12(b)(6)." Id. at 63
 
 
 [7]
 See supra note 2
 
 
 [8]
 This court has a longstanding policy of allowing pro se plaintiffs to amend their complaints before the court rules upon defendants' motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Weaver v. Wilcox, 650 F.2d 22, 27-28 (3d Cir.1981) (plaintiff who lacks standing should be given an opportunity to amend his complaint unless the deficiency cannot be overcome by amendment); Rotolo v. Borough of Charleroi, 532 F.2d 920, 923 (3d Cir.1976) (to accomplish dual objectives of weeding out frivolous claims and keeping federal courts open to legitimate civil rights claims, courts should allow liberal amendment pursuant to Fed.R.Civ.P. 15(a)); Kauffman v. Moss, 420 F.2d 1270, 1275-76 (3d Cir.), cert. denied, 400 U.S. 846, 91 S.Ct. 93, 27 L.Ed.2d 84 (1970) (allowing pro se litigants to amend vague civil rights complaints pursuant to Federal Rule of Civil Procedure 15(a) serves policies of deciding litigation on merits and not denying pro se litigants opportunity to state civil rights claims because of technicalities)
 
 
 [9]
 The district court retains the discretion to certify, in its order disposing of the case on the merits, that an appeal is not taken in good faith, 28 U.S.C. Sec. 1915(a). See also Fed.R.App.Pro. 24. Where a district court has not so certified and a litigant retains in forma pauperis status pursuant to an order of the district court, this Court will not entertain a motion to dismiss the appeal as frivolous under Sec. 1915(d). Instead, this Court may take summary action pursuant to Internal Operating Procedures Chapter 17, which provides the parties with notice and an opportunity to respond
 
 
 [10]
 Appellee Northampton County asserts on appeal that appellant's complaint was properly dismissed as frivolous because this material is apparently being stored for appellant pursuant to an order of the Northampton County Court of Common Pleas. This may or may not be true, but it is not relevant to our review of whether the district court properly dismissed appellant's claims against Northampton and Lehigh Counties as frivolous pursuant to 28 U.S.C. Sec. 1915(d); our review is limited to a review of whether the allegations in the complaint had an arguable basis in law or fact. Northampton County may be entitled to dismissal pursuant to a properly presented 12(b)(6) motion, but that is not the issue presented in this appeal. Furthermore, the fact that Northampton County may be storing appellant's legal materials does not affect the potential liability of Lehigh County for its policies respecting the amount and type of legal materials that an inmate is allowed to retain in his or her cell