IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

NO. 09-4054
_____

JAMES DICKERSON,
                    Appellant

v.

DESIMONE, INC., doing business as DESIMONE
AUTO GROUP; RANDY FOREMAN, doing business
as DESIMONE AUTO GROUP; ANTHONY WEISS,
doing business as DESIMONE AUTO GROUP
_____

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-09-cv-01551)
District Judge:  Hon. Mary A. McLaughlin
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 2, 2010

BEFORE:  SCIRICA, STAPLETON and ROTH,
*Circuit Judges*

(Opinion Filed: November 8, 2010)
_____

OPINION OF THE COURT
_____

STAPLETON, *Circuit Judge*

        According to the complaint, after being advised that he had been pre-approved for

financing, plaintiff purchased a pickup truck from defendant Desimone Auto Group, Inc.,

("Desimone") on January 12, 2008, and promptly replaced the spinning rims.  On January

21, 2008, plaintiff concluded that Desimone and its employees, the other defendants, had failed to secure financing on his behalf and voluntarily returned the truck the next day without its original spinning rims. That same day defendant Foreman called plaintiff and demanded return of the original rims. On January 24, 2008, officers of the Philadelphia Police Department arrived at plaintiff's home and, after he showed them the rims of the truck, arrested him for theft of the rims. The prosecution of this offense was ultimately nolle prossed.

Plaintiff's complaint alleges that the sale and financing of the truck violated his rights under the Pennsylvania Unfair Trade Practices and Consumer Protection law, the Pennsylvania Motor Vehicle Sales Finance Act, and the Federal Equal Credit Opportunity Act. It also asserts claims of abuse of process, malicious prosecution and violation of 42 U.S.C. § 1983 based on plaintiff's arrest and the ensuing criminal proceedings.

Defendants moved to compel the arbitration of all plaintiff's claims under an arbitration agreement entered into by plaintiff in connection with the truck purchase. They also insisted that the abuse of process and malicious prosecution claims failed to state a claim as a matter of law. Significantly, while defendants maintained that the civil rights count should be arbitrated, their motion and brief did not argue that it failed to state a claim for relief. As a result, the plaintiff's responding brief did not address that issue. At oral argument, the Court asked plaintiff's counsel a question regarding whether the defendants were state actors for purposes of § 1983. In response, counsel pointed out to

2

the Court that this was 'not an issue for the motion to dismiss," but "off the top of [his] head," gave a brief "answer [to] the Court's question." 24A-25A.

The District Court held that plaintiff's claims for abuse of process, malicious prosecution and violation of plaintiff's civil rights were not within the scope of the arbitration agreement. The remaining claims, however, were found to be within the scope of that agreement. The Court dismissed those remaining claims and ordered that they proceed to arbitration. The abuse of process and malicious prosecution claims were dismissed with prejudice for failure to state a claim. The Court *sua sponte* also dismissed with prejudice the civil rights claim for failure to state a claim.

Following the District Court's decision, the plaintiff moved for reconsideration contending *inter alia* that he should be granted leave to amend his abuse of process and malicious prosecution claims to cure the deficiencies found by the Court. In an alternative argument, plaintiff pointed out that the Court's order dismissed all of the federal claims and that there was no diversity. Plaintiff contended that under these circumstances the Court was required to amend its order to provide that the abuse of process and malicious prosecution claims were dismissed without prejudice so that they could be pursued in state court. The District Court denied the motion for reconsideration without opinion.

Essentially for the reasons set forth in its opinion, we agree with the District Court that the arbitration agreement is unambiguous and serves to bar plaintiff's pursuit in this case of those claims which it directed the parties to arbitrate. Accordingly, we will affirm that aspect of its judgment.

3

The defendants are correct that a district court in some circumstances may *sua sponte* raise the issue of the deficiency of a pleading under Rule 12.  One of those circumstances is where the claim if dismissed would deprive the Court of jurisdiction.  Nevertheless, even in such instances, the Court must afford a plaintiff a fair opportunity to address the issue before deciding it.  *Roman v. Jeffes*, 904 F.2d 192 (3d Cir. 1990).  Such a fair opportunity was not afforded here with respect to whether the civil rights count failed to state a claim.  Plaintiff had no notice that that issue would be submitted for decision at the oral argument on defendants' motions.  We will remand so that a fair opportunity to address that issue can be afforded.

If after hearing the plaintiff on remand, the Court remains of the view that the civil rights claim must be dismissed, it should address his contention that it should refrain from exercising its supplemental jurisdiction under 28 U.S.C. § 1367 over the abuse of process and malicious prosecution claims.  "[W]here the claim over which the district court has original jurisdiction is dismissed before trial, the district court must decline to decide the pendent state jurisdiction claims unless considerations of judicial economy, convenience and fairness to the parties provide an affirmative justification for doing so."  *Borough of West Miffflin v. Lancaster*, 45 F.3d 780 (3d Cir. 1995) (citing *United Mine Workers v. Gibbs*, 383 U.S. 715 (1996)).  The current record does not establish that the District Court has considered this issue and, even if it has, the absence of an opinion regarding it deprives us of the capacity to review the Court's exercise of discretion.

If the District Court dismisses the civil rights claim and exercises its discretion in favor of retaining supplemental jurisdiction over the abuse of process and malicious

4

prosecution claims, it should provide a brief record explanation of its affirmative justification for doing so. If it retains supplemental jurisdiction and declines to grant leave to amend those claims, it should provide a similar explanation for that decision as well.

While we affirm the District Court's rulings regarding arbitration, we will vacate its judgment and remand for further proceedings consistent with this opinion.