**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 15-1758

_____

SUSAN BATISTA,
Appellant

v.

COUNTRYWIDE HOME LOANS, INC.;
COUNTRYWIDE HOME LOANS SERVICING LP;
BANK OF AMERICA NA; MERS; JANE DOES 1-1000, ficticious names,
true names unknown; FIRST FINANCIAL EQUITIES, INC.;
DAVID SADEK; MICHAEL D. COLE; BAC HOME LOANS SERVICING LP;
MERSCORP HOLDINGS, INC.;
MORTGAGE ELECTRONIC REGISTRATION SYSTEM INC.;
STERN, LAVINTHAL &  FRANKENBERG LLC;
ROBERT RYNIAK; PNC BANK; METLIFE BANK, N.A.; FNMA

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.N.J. Civil Action No. 2-14-cv-02369)
District Judge:  Honorable Faith S. Hochberg

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 22, 2015

Before: FISHER, SHWARTZ and GREENBERG, Circuit Judges

(Opinion filed:  December 23, 2015)

_____

OPINION[*]

_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Susan Batista, proceeding pro se, appeals an order of the United States District Court for the District of New Jersey dismissing her second amended complaint. For the reasons that follow, we will affirm.

In 2014, Batista filed a complaint in New Jersey state court against Countrywide Home Loans, Inc. and other defendants claiming that they committed fraud in connection with her mortgage and in a state foreclosure action brought against her in 2008. Batista also claimed that the defendants violated New Jersey statutes and the federal Fair Debt Collection Practices Act ("FDCPA").

The defendants removed the action to District Court and moved to dismiss the complaint. The defendants asserted, among other things, that Batista failed to state a claim for relief and that her claim under the FDCPA appeared to be time-barred. Batista moved to amend her complaint. The District Court granted the motion to amend and allowed Batista to plead additional facts, including facts regarding whether her claims were time-barred. The District Court dismissed the motion to dismiss as moot.

Batista filed an amended complaint naming more defendants and setting forth numerous causes of action, including conspiracy, fraud, criminal violations, and violations of the FDCPA and other statutes. Countrywide Home Loans and other defendants moved to dismiss the amended complaint on several grounds, including a failure to satisfy the pleading requirements of Federal Rule of Civil Procedure 8.

The District Court found Batista's lengthy list of purported causes of action

unintelligible and without factual substance, and ruled that the complaint failed to satisfy Rule 8. The District Court stated that Batista failed to allege specific actionable conduct and connect any wrongful conduct to a particular defendant. The District Court granted the motion to dismiss, but in light of Batista's pro se status, allowed her to file a second amended complaint. The District Court stated in its order that Batista needed to identify her causes of action in separate sections and plead specific facts with respect to each defendant. The District Court warned that a failure to do so would result in dismissal of the complaint with prejudice.

Batista then filed a 53-page, handwritten, second amended complaint naming fourteen defendants and setting forth fifteen counts against the defendants collectively. Countrywide Home Loans and other defendants filed another motion to dismiss asserting that Batista had failed to comply with the District Court's prior order and Rule 8 and had failed to state a claim for relief under Rule 12(b)(6).

The District Court granted the defendants' motion and dismissed the complaint with prejudice for failure to state a claim for relief. The District Court explained that Batista's claims under the FDCPA were either untimely or conclusory and failed to notify the defendants of their alleged wrongful conduct. The District Court ruled that Batista's remaining allegations suffered from the previously-identified deficiencies, including a failure to attribute wrongful conduct to any particular defendant and to allege facts in support of her claims. The District Court decided that allowing further amendment would be futile. This appeal followed.

We have jurisdiction pursuant to 28 U.S.C. § 1291.[1] Our standard of review of the dismissal of a complaint under Rule 12(b)(6) is de novo. Phillips v. County of Allegheny, 515 F.3d 224, 230 (3d Cir. 2008).

Batista's appellate brief, like her second amended complaint, is for the most part unintelligible and she has not shown any error on the part of the District Court. The record also supports the District Court's decision. To the extent Batista disputes the statute of limitations ruling on her claims under the FDCPA, as noted by the District Court, some of Batista's allegations relate to the time period prior to the filing of the foreclosure action in 2008 and to purported communications in 2011. See Glover v. F.D.I.C., 698 F.3d 139, 148 (3d Cir. 2012) (one-year statute of limitations applies to alleged violations of the FDCPA). To the extent Batista asserts violations of the FDCPA that are not time-barred, her allegations are either conclusory or insufficient to state a plausible claim for relief. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (a complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face).

The District Court also did not err in dismissing Batista's remaining claims of fraud and various statutory violations. The factual allegations supporting these claims are difficult to discern. Batista primarily avers that assignments of her loan were improper

---

[1]Although not all of the named defendants filed a motion to dismiss, the District Court's order was in effect a sua sponte dismissal of the complaint as to all parties. Cf. Roman v. Jeffes, 904 F.2d 192, 196 (3d Cir. 1990) (noting district court may sua sponte raise the deficiency of a complaint if the plaintiff is given an opportunity to address it). Batista was given an opportunity to correct the deficiencies in her complaint.

4

and that the defendants did not validate the debt, but, as recognized by the District Court, these allegations are insufficient to state a plausible claim for relief.

Accordingly, we will affirm the judgment of the District Court.