BLD-078                                                        **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-4355
_____

MEL M. MARIN, PERSONALLY AND AS HEIR OF THE
ESTATE OF MILIVOJ AND EVA MARINKOVIC

v.

LA PALOMA HEALTHCARE CENTER AND ITS ALTER EGOS;
ITALIAN MAPLE HOLDINGS, LLC; PLUM HEALTHCARE GROUP;
MARK BALLIF; PAUL HUBBARD; ORVILLE LLOYD MARLETT;
GRUPO TELEVISIA A FOREIGN CORPORATION, AND ITS ALTER EGOS,
doing business as XETV SAN DIEGO 6 TELEVISION;
JEANE LENORE MARLETT TRUST; EMILIO AZCARRAGA JEAN;
GUSTAVO CISNEROS; ALFANSO DE ANGOITIA; BERNARDO GOMEZ
MARTINEZ; MICHAEL RICHTER JOINTLY AND SEVERALLY

Mel M. Marvin, Appellant
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 11-cv-00230)
District Judge:  Honorable David S. Cercone
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
December 10, 2015
Before: FUENTES, KRAUSE and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  January 8, 2016)

_____

OPINION[*]

_____

PER CURIAM

Mel M. Marin appeals from an order of the United States District Court for the Western District of Pennsylvania, which dismissed his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). We will affirm the District Court's judgment.

In October 2011, Marin submitted to the District Court a lengthy complaint including "causes of action for conversion, fraud and deceit, assault and battery, section 1983 civil rights, interference with business, intentional infliction of emotional distress, defamation, invasion of privacy, and wrongful death." Dist. Ct. Mem. Op. at 1. Along with his complaint, Marin filed a motion to proceed in forma pauperis ("IFP"). The docket does not reflect any activity until September 29, 2014, when the Court granted Marin's IFP motion, but also dismissed the complaint "pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for lack of jurisdiction, _forum non-conveniens_, and as otherwise based on fanciful allegations and indisputably meritless legal theory." Dist. Ct. Order at 1-2. The Court also stated that it found "that the action is vexatious and was filed for vindictive and obstructive purposes." Id. at 2. Marin timely appealed.

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

2

We have jurisdiction under 28 U.S.C. § 1291, and we exercise plenary review of a district court decision dismissing a complaint as frivolous or for failure to state a claim. Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990); Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). A complaint fails to state a claim if, accepting all well-pled factual allegations as true, the allegations do not "plausibly give rise to an entitlement to relief." Bistrian v. Levi, 696 F.3d 352, 365 (3d Cir. 2012) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009)). We may affirm a district court for any reason supported by the record. Brightwell v. Lehman, 637 F.3d 187, 191 (3d Cir. 2011) (citation omitted).[1]

We agree with the District Court that Marin's complaint "fails to state a claim upon which relief can be granted," because the District Court "lacks jurisdiction over the defendants." Dist. Ct. Mem. Op. at 9.[2] Marin argues that, at least as to the libel claim, his complaint states a claim upon which relief could be granted. But even if we credit the allegations of his complaint, those allegations are insufficient to demonstrate that the nonresident Defendants "maintained systematic and continuous contacts with the forum

---

[1] As explained below, we agree that the District Court lacked personal jurisdiction over the Defendants. We note, however, that to the extent the District Court sought to dismiss the complaint for failure to prosecute, the dismissal would have been premature, as the complaint was not due to be served until the Court ruled on Marin's application to proceed IFP. See Fed. R. Civ. P. 4(c)(3) (if plaintiff is granted privilege of proceeding IFP, District Court *must* enter an order "that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court"); see also Roman v. Jeffes, 904 F.2d 192, 195 (3d Cir. 1990) ("the appropriate time to make a decision to dismiss a case pursuant to § 1915(d) [now § 1915(e)] is before service of a complaint").

3

state," <u>Kehm Oil Co. v. Texaco, Inc.</u>, 537 F.3d 290, 300 (3d Cir. 2008) (discussing general personal jurisdiction), or that they "purposefully directed [their] activities at a resident of the forum," <u>Gen. Elec. Co. v. Deutz AG</u>, 270 F.3d 144, 150 (3d Cir. 2001) (internal quotation marks omitted) (describing requirements for establishing specific personal jurisdiction). The complaint states that the Defendants, who are not Pennsylvania residents, published the allegedly defamatory statements in California and does not indicate that the Defendants were in any way involved in re-publishing the information in Pennsylvania.[3] Given the lack of a connection between the Defendants and Pennsylvania, apparent from the face of the complaint, the District Court properly dismissed the complaint for lack of personal jurisdiction.[4]

For the foregoing reasons, we will affirm the District Court's judgment.

---

[2] Given our holding, we have not examined Marin's other litigation to determine whether his current complaint is sufficiently repetitive and vexatious to warrant dismissal on that basis.

[3] Marin does not explain how any of his other counts have a connection with Pennsylvania.

[4] While a district court generally must give the plaintiff an opportunity to amend a complaint before dismissing it for failure to state a claim, opportunity to amend is not required if, as here, amendment would be futile. <u>See</u> <u>Grayson v. Mayview State Hosp.</u>, 293 F.3d 103, 108 (3d Cir. 2002).