DLD-126                                                      **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-3567
_____

TYRONE PEELE,
We the People (In Rem),
                                                        Appellant

v.

CAITLIN MCLAUGHLIN, Oarike Iffucker (Agent);
PHILADELPHIA, (PA) AND COUNTY
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(E.D. Pa. No. 2-15-cv-03804)
District Judge:  Honorable Gene E.K. Pratter
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit L.A.R. 27.4 and I.O.P. 10.6
January 28, 2016
Before: CHAGARES, GREENAWAY, JR. and SLOVITER, Circuit Judges

(Opinion filed: February 25, 2016)
_____

OPINION*
_____

PER CURIAM

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Tyrone Peele, a state prisoner, appeals from an order of the United States District Court for the Eastern District of Pennsylvania dismissing as legally frivolous his civil rights action brought pursuant to 42 U.S.C. § 1983. We will summarily affirm.

In 1999, Peele was convicted in the Philadelphia Court of Common Pleas of rape and corruption of minors. He was sentenced to a term of five to ten years of imprisonment, to be followed by five years of probation. Following his release on probation, Peele was arrested in November 2011 on charges of witness intimidation and assault. In October 2012, Peele was convicted of those charges and sentenced to a term of eleven to twenty-two years of imprisonment.

In July 2015, Peele filed an action in the District Court pursuant to § 1983 against Caitlin McLaughlin, his probation officer, and the City of Philadelphia. He was later granted leave to file an amended complaint. In his amended complaint, Peele alleged that McLaughlin filed a false police report in October 2011, which led to his arrest and subsequent conviction on charges of witness intimidation and assault. Upon review of the amended complaint, the District Court dismissed the action as frivolous under 28 U.S.C § 1915(e)(2)(B)(i). This appeal followed.[1]

We have jurisdiction pursuant to 28 U.S.C. § 1291, and exercise plenary review over the District Court's dismissal of the complaint as frivolous. See Roman v. Jeffes,

---

[1] Peele has filed in this Court a motion for injunctive relief seeking his immediate release, a motion seeking leave to call and confront witnesses, and several documents in support of his appeal.

904 F.2d 192, 194 (3d Cir. 1990). We may summarily affirm the District Court's order if there is no substantial question presented by the appeal. See Third Cir. LAR 27.4 and I.O.P. 10.6.

This appeal presents no substantial question. The District Court correctly determined that Peele's claims against McLaughlin are barred by the two-year statute of limitations in Pennsylvania. Although the statute of limitations is an affirmative defense, a district court may sua sponte dismiss a complaint under § 1915(e) where the defense is obvious from the complaint and no development of the factual record is required. See, e.g., Fogle v. Pierson, 435 F.3d 1252, 1258 (10th Cir. 2006). The statute of limitations for a § 1983 claim arising in Pennsylvania is two years. See 42 Pa. Cons. Stat. § 5524(2); Kach v. Hose, 589 F.3d 626, 634 (3d Cir. 2009). A cause of action under § 1983 "accrues when the plaintiff knew or should have known of the injury upon which [his] action is based." Sameric Corp. of Del. v. City of Philadelphia, 142 F.3d 582, 599 (3d Cir. 1998).

Although Peele alleged that McLaughlin filed a false police report on October 11, 2011, he did not commence his civil action until July 2015. Because Peele's allegations suggest that he knew of the alleged wrongdoing at the time it occurred, his claims against McLaughlin are time-barred. And, because Peele's claims against the City of Philadelphia are based upon that same alleged misconduct, they are likewise time-

3

barred.[2]

Given that the appeal presents no substantial question, we will summarily affirm

the District Court's judgment.  Peele's remaining motions are denied.

---

[2] Moreover, as the District Court noted, Peele's claims against the City also fail under the dictates of <u>Monell v. Dep't of Soc. Servs. of City of N.Y.</u>, 436 U.S. 658 (1978).  In Monell, the Supreme Court determined that a municipality cannot be held liable in a § 1983 action on a theory of respondeat superior.  436 U.S. at 694.  Instead, liability may be imposed only where it can be shown that the municipality had a policy, regulation, custom, or practice that led to the alleged constitutional violation.  <u>See</u> <u>Mulholland v. Gov't Cty. of Berks</u>, 706 F.3d 227, 237 (3d Cir. 2013).  Peele's amended complaint contained no allegations whatsoever of a policy, custom, or practice of the City that resulted in the alleged harm.

4