**DLD-181**                                                        **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-3486
_____

ANDREW J. ALLAM, SR.,
                                        Appellant

v.

ROBYN SOARES; KATIE BOYSEN;
TAMMY MCCOLLOUGH; CONNIE CIERVO;
PIKE COUNTY CHILDREN AND YOUTH SERVICES

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 1-14-cv-02381)
District Judge: Honorable John E. Jones III

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
March 17, 2016

Before: CHAGARES, GREENAWAY, JR., and SLOVITER[1], Circuit Judges

(Opinion filed: May 3, 2016)
_____

OPINION[*]

_____

[1] The Honorable Dolores K. Sloviter participated in the decision of this case. Judge Sloviter assumed inactive status on April 4, 2016 after the submission date, but before the filing of the opinion. This opinion is filed by a quorum of the panel pursuant to 28 U.S.C. § 46(d) and Third Circuit I.O.P. Chapter 12.

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

—————

PER CURIAM

Andrew Allam, Sr. appeals from an order of the United States District Court for the Middle District of Pennsylvania, which dismissed his complaint for failure to state a claim upon which relief could be granted. We will affirm the District Court's judgment.

In her Report and Recommendations ("R&R"), the Magistrate Judge noted that Allam's claims (both those in his original complaint and those in his proposed amended complaint) were barred by the two-year statute of limitations for civil rights violations. Allam filed objections to the R&R claiming, among other things, that the Court should use the "residual" statute of limitations. The District Court adopted the R&R and dismissed the complaint, finding Allam's objections to be without merit. Allam timely appealed.

We have jurisdiction under 28 U.S.C. § 1291, and we exercise plenary review of a district court decision dismissing a complaint for failure to state a claim. Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990); Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). A complaint fails to state a claim if, accepting all well-pled factual allegations as true, the allegations do not "plausibly give rise to an entitlement to relief." Bistrian v. Levi, 696 F.3d 352, 365 (3d Cir. 2012) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009)).

We agree with the District Court that it is apparent from Allam's complaint (and his proposed amended complaint) that his claims are time-barred. The incidents in his

complaint occurred in 2009 and 2010, but he did not file his complaint until December of 2014. The District Court properly held that a two-year period of limitations applies to Allam's claims that his civil rights were violated when his children were removed from his home, see Kach v. Hose, 589 F.3d 626, 634 (3d Cir. 2009) (two-year period of limitations applies for § 1983 action arising in Pennsylvania), and we agree that amendment would be futile.[3]

For the foregoing reasons, we will affirm the District Court's judgment. Allam's motion for appointment of counsel is denied.

---

[3] While a district court generally must give the plaintiff an opportunity to amend a complaint before dismissing it for failure to state a claim, opportunity to amend is not required if, as here, amendment would be futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002). In his objections, Allam argued that the violation of his rights continued until March 6, 2012, when his children were adopted. But even that date is beyond the period of limitations. And Allam does not in any way challenge the untimeliness determination in his argument in support of appeal.