DLD-267                                                   **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-1876
_____

ROGER WILSON,
                                  Appellant

v.

UNITED STATES OF AMERICA; PITTSBURGH POLICE DEPARTMENT; CITY OF
PITTSBURGH; STATE OF PENNSYLVANIA
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(W.D. Pa. Civil Action No. 2-18-cv-00314)
District Judge:  Honorable Nora Barry Fischer
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
July 12, 2018
Before:  JORDAN, SHWARTZ and KRAUSE, Circuit Judges

(Opinion filed: July 20, 2018)
_____

OPINION*
_____

PER CURIAM

        Roger Wilson, proceeding pro se, appeals an order of the United States District

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Court for the Western District of Pennsylvania dismissing his complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B). We will summarily affirm the judgment of the District Court.

Wilson filed a complaint against the Pittsburgh Police Department and other defendants alleging that he tried to file a police report concerning an attorney who was stealing money from him for the last seven years and that the police refused to take the report. Wilson also averred that he thinks the police took the report in 2011 or 2012 but refused to arrest the attorney. Wilson brought claims pursuant to 18 U.S.C. § 1510, which prohibits obstruction of criminal investigations, and 42 U.S.C. § 1981 for a violation of his equal rights. He sought $50,000 in damages.

The District Court adopted the Magistrate Judge's report and recommendation to dismiss the complaint as frivolous because it is based on indisputably meritless legal theories. The Magistrate Judge explained that § 1510 does not give rise to a civil cause of action. The Magistrate Judge also concluded that Wilson failed to allege facts supporting a violation of § 1981 and that allowing amendment of the complaint would be futile because Wilson's claim is barred by the applicable two-year statute of limitations. The Magistrate Judge noted that individuals do not have a right to the prosecution of each other. The District Court overruled Wilson's objections to the report in which he challenged, among other things, the procedures that were used and the conclusion that his complaint is time-barred. This appeal followed.

We have jurisdiction pursuant to 28 U.S.C. § 1291. Our standard of review is plenary. Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990).

2

The District Court's decision is supported by the record. Wilson has not shown that improper procedures were used in his case. See 28 U.S.C. § 636(b) (authorizing recommendations by a Magistrate Judge). We agree with the District Court that § 1510 does not provide for a private cause of action. Cf. Ziglar v. Abbasi, 137 S. Ct. 1843, 1855-56 (2017) (courts will not create a private cause of action where a statute does not itself so provide); Central Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A., 511 U.S. 164, 190 (1994) (noting reluctance to infer a private right of action from a criminal prohibition alone).

We also agree with the District Court that Wilson failed to allege facts supporting a claim under § 1981 and that allowing amendment of the complaint would be futile. To the extent Wilson contends that the police refused to take his report, but then took the report in 2011 or 2012 and refused to arrest the attorney, such a claim is time-barred on the face of the complaint.[1] Wilson states in his objections that he has been "trying to press charges non-stop since 2011," but this assertion is insufficient to show that he has a timely, colorable claim for intentional racial discrimination under § 1981. His complaint was properly dismissed. See Neitzke v. Williams, 490 U.S. 319, 325 (1989).

Because this appeal does not present a substantial question, we will summarily affirm the judgment of the District Court.[2]

---

[1] We need not decide whether Wilson's § 1981 claim is subject to a two or four-year limitations period, see Jones v. R.R. Donnelley & Sons Co., 541 U.S. 369, 382-83 (2004), because Wilson's claim is time-barred even under the longer period.

[2] The motion for summary affirmance filed by the United States is granted; its request to stay the briefing schedule is denied as moot.