**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-2330
_____

ASIA JOHNSON,
                                        Appellant

v.

YOUNG MONEY
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 18-cv-00605)
District Judge:  Honorable Joy Flowers Conti
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
October 18, 2018

Before:  CHAGARES, RESTREPO and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed December 20, 2018)
_____

OPINION<sup>*</sup>
_____

PER CURIAM

_____

<sup>*</sup> This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Asia Johnson appeals the District Court's dismissal of her action as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). Because we conclude that this appeal lacks arguable merit, we will dismiss it pursuant to § 1915(e)(2)(B)(i).

Johnson's complaint named Young Money as a defendant, identifying herself as a resident of Pennsylvania and Young Money as a resident of Texas, and asserting federal court diversity of citizenship jurisdiction under 28 U.S.C. § 1332. Johnson alleged that "Baby E from Young Money has been making music about me. Baby E and I used to date befor his identity change his police uncle helped with he fake his death and I being harassed and Nicki Minaj keeps using my work Baby E (Victor Robinson) needs help slaves to the label to harass me having people jump me and follow me." (Complaint, ¶III Statement of Claim.) As relief, Johnson stated, "I just want them to stop and let the truth be told. Stop helping people fake deaths and stop the 2 girls they picked to be my actors using artificial intelligence Kenneka Jenkins and BreeAunna Poindexter the industry is involved." (Id., ¶IV Relief.)[1] Johnson also filed a motion for leave to proceed in forma pauperis. The District Court granted Johnson's in forma pauperis motion. By memorandum opinion and separate order entered on May 16, 2018, the District Court dismissed the complaint sua sponte as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). The District Court further concluded that amendment of the complaint would be futile. Johnson appeals.

---

[1] As an exhibit to the complaint, Johnson attached a letter and a certificate dated April 25, 2018, written on behalf of President Donald J. Trump, concerning Johnson's inclusion in the Republican Presidential Honor Roll.

We have appellate jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's dismissal of Johnson's complaint as frivolous. See Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990). The District Court determined that Johnson's claims and relief sought are based on a fantastic or delusional factual scenario, see Neitzke v. Williams, 490 U.S. 319, 327-28 (1989), concluding that the complaint was frivolous within the meaning of § 1915(e)(2)(B). See Neitzke, 490 U.S. at 325 (a complaint is frivolous if it "lacks an arguable basis either in law or in fact"). We agree with the District Court's assessment of the allegations contained in the complaint. Moreover, while generally a plaintiff should be granted leave to cure the deficiencies of a complaint subject to dismissal, we agree with the District Court's determination that such allowance would have been futile in this case. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).

For the above reasons, we will we will dismiss the appeal pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).