IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| MILLARD E. PRICE, | § | |
| | § | |
| Plaintiff Below, | § | No. 390, 2021 |
| Appellant, | § | |
| | § | |
| v. | § | Court Below–Superior Court |
| | § | of the State of Delaware |
| P. TYMOUR BOULOS, M.D., | § | |
| | § | |
| Defendant Below, | § | C.A. No. N21C-10-206 |
| Appellee. | § | |
| | § | |

Submitted:  May 27, 2022
Decided:  August 9, 2022

Before **SEITZ**, Chief Justice; **VALIHURA** and **VAUGHN**, Justices.

## **ORDER**

After consideration of the parties' briefs and the record on appeal, it appears to the Court that:

(1)  The appellant, Millard E. Price, appeals the Superior Court's dismissal of the civil complaint that he filed against the appellee, P. Tymour Boulos, M.D.  We find no merit to the appeal and affirm the Superior Court's judgment.

(2)  On May 20, 2021, Price filed a *pro se* complaint in the Superior Court against Centurion of Delaware, LLC, an entity providing medical services to the Delaware prison system, and four of its employees (together, "Centurion") (the "Centurion Complaint"). Price alleged that Centurion deliberately deprived Price, an inmate incarcerated at Howard R. Young Correctional Institution in Wilmington, of access to medical care following an operation on his spine in June 2020.  The Centurion Complaint advanced three causes of

action: deliberate indifference, intentional infliction of pain and emotional duress, and medical malpractice. After conducting its initial review of the Centurion Complaint as required by the *in forma pauperis* statute,[1] the Superior Court dismissed Price's medical-malpractice claim because it was not supported by an affidavit of merit.[2] The first two counts of the Centurion Complaint remain pending in the Superior Court.[3]

(3) On October 26, 2021, Price filed a *pro se* complaint—the complaint at issue in this appeal—against Dr. Boulos, the surgeon who performed Price's 2020 spinal surgery (the "Boulos Complaint"). The Boulos Complaint cites substantively the same factual background as the Centurion Complaint and also refers to several allegedly unanswered letters that Price sent to Dr. Boulos asking for a certificate of merit "stating that Centurion … should not have terminated [Price's] pain medication"[4] and medical records. The Boulos Complaint advances three causes of action: deliberate indifference, failure to provide medical records, and reckless infliction of pain and emotional duress. By way of relief, Price asks the Superior Court for, among other things, (i) an order directing Dr. Boulos to produce Price's medical records and to opine as to Price's prognosis and (ii) an

---

[1] 10 *Del. C.* § 8803(b) ("Upon establishing the amount of fees and costs to be paid, the court shall review the complaint. Upon such review, the complaint shall be dismissed if the court finds the action is factually frivolous, malicious or, upon a court's finding that the action is legally frivolous and that even a *pro se* litigant, acting with due diligence, should have found well settled law disposing of the issue(s) raised. Any order of dismissal shall specifically identify whether the complaint was factually frivolous, legally frivolous and/or malicious. Service of process shall not issue unless and until the court grants leave following its review.").

[2] *See* 18 *Del. C.* § 6853(a) (providing that a medical-malpractice complaint cannot be filed in Delaware unless accompanied by an affidavit of merit signed by an expert witness).

[3] *Price v. Centurion of Delaware, LLC*, C.A. No. N21C-05-160.

[4] Compl. ¶ 10.

order directing Dr. Boulos to review Centurion's approach to Price's pain management "for the purpose of [obtaining] a Certificate of Merit [under 18 *Del. C.*] § 6853."[5]

(4)     After conducting its initial review under the *in forma pauperis* statute, the Superior Court dismissed the Boulos Complaint, finding that it is legally frivolous and that it plainly appears from the face of the complaint that Price is not entitled to the relief he seeks.  The Superior Court noted that (i) to the extent that Price seeks medical records related to the Centurion Complaint, he should seek them through discovery in that case; (ii) Dr. Boulos's conduct, as alleged, does not rise to the level of reckless infliction of pain and emotional duress; (iii) Dr. Boulos is not duty-bound to provide Price with a certificate of merit; and (iv) Price fails to allege that Dr. Boulos is a state actor.  This appeal followed.

(5)     On appeal, Price argues that the Superior Court abused its discretion by dismissing the Boulos Complaint and that the Superior Court's review of the complaint exceeded the purpose of initial screening under 10 *Del. C.* § 8803(b).  Price's arguments are unavailing.

(6)     We review the dismissal of a complaint as legally frivolous under Section 8803(b) for abuse of discretion.[6]  Dismissal of an indigent plaintiff's complaint as legally frivolous is warranted in "those cases in which either it is readily apparent that the

---

[5] *Id.* ¶ 27.

[6] *See Deputy v. Conlan*, 2007 WL 3071424, at *1 (Del. Oct. 22, 2007).

plaintiff's complaint lacks an arguable basis in law or that the defendants are clearly entitled to immunity from suit."[7]

(7) We conclude that the Superior Court did not abuse its discretion when it dismissed the Boulos Complaint. As a preliminary matter, to the extent that Price cites to "[f]acts not incorporated into the original complaint,"[8] this Court will not consider evidence not presented to the trial court in the first instance.[9] Turning to the substance of the Boulos Complaint, it is clear that Price's injury, if any, caused by the alleged mis-management of his pain is attributable to Centurion. The gist of the Boulos Complaint is the same as the Centurion Complaint—that the prison has been deliberately indifferent toward Price's need for medical treatment. The records Price seeks to support his claim that his pain has not been properly managed should be sought in discovery in Price's lawsuit against Centurion.[10]

---

[7] *Roman v. Jeffes*, 904 F.2d 192, 194 (3d. Cir. 1990) (internal quotation marks and citation omitted).

[8] Opening Br. at 5.

[9] *Del. Elec. Coop. v. Duphily*, 703 A.2d 1202, 1206 (Del. 1997) ("It is a basic tenet of appellate practice that an appellate court reviews only matters considered in the first instance by the trial court.").

[10] We note that Price does have a right to obtain copies of his medical records. 24 *Del. C.* § 1761(d) ("Patients, on their own behalf, shall have the right to obtain a copy of their medical records from any person certified to practice medicine according to a payment schedule established by the Board of Medical Licensure and Discipline. The actual cost of postage or shipping may also be charged if the records are mailed."). In the event that Price requests his medical records from Dr. Boulos, he should make an unequivocal request—without, as Price has done in the past, diluting the request with demands for pain medication or a "letter of merit."

4

(8)  Deliberate indifference to a prisoner's serious medical needs violates the Eighth Amendment's prohibition against cruel and unusual punishment.[11] To plead a claim of deliberate indifference, the prisoner must plead that prison officials were subjectively aware of a substantial risk of serious harm to the prisoner and failed to take reasonable measures to abate that risk.[12] Deliberate indifference may be shown when prison officials deny, delay, or intentionally interfere with medical treatment; it may also be shown in the way in which prison officials provide medical care.[13] Even assuming that Dr. Boulos, who is neither an employee of the prison nor of Centurion, is a state actor for purposes of pleading an Eighth Amendment violation, the claims against Dr. Boulos are based solely on several unanswered letters Price sent to Dr. Boulos asking for a certificate of merit and medical records. But Centurion—not Dr. Boulos—is responsible for Price's pain management and terminated his pain medication. And, as Price acknowledges in the Boulos Complaint, Dr. Boulos advised Centurion that, contrary to Centurion's view, long-term-pain management was the appropriate treatment for Price's pain.[14] Simply put, Price's deliberate-indifference claim is (and has been) properly brought against Centurion.

(9)  We also conclude that the Superior Court did not abuse its discretion when it dismissed of Price's reckless-infliction-of-emotional-distress claim after its initial review. The Boulos Complaint—which alleges that Dr. Boulos "ignored" four letters Price sent to

---

[11] *Deputy*, 2007 WL 3071424, at *2 (citing *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)).

[12] *Deputy*, 2007 WL 3071424, at *2.

[13] *Id.*

[14] Compl. ¶ 8 ("A doctor visit materialized on March 4, 2021 at defendant's office and defendant wrote to Centurion that 'long term pain management' was the appropriate course of action.").

him over a two-month period—utterly fails to allege facts that support a claim that Dr. Boulos's actions rise to the level of "extreme or outrageous" behavior.[15]  As a final matter and as the Superior Court noted, Price has no right to a "certificate of merit."

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice

---

[15] *See Barker v. Huang*, 610 A.2d 1341, 1351 (Del. 1992).