CLD-055　　　　　　　　　　　　　　　　　　　　　**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-3026
_____

HOWARD A. CARTER,

Appellant

v.

KATHLEEN G. KANE; BRIAN COLEMAN; DARRELL O. DUGAN;
WILLIAM BRENNAN, Esq.; M.D. LEON ROZIN; AUTHOR OF MENTAL HEALTH
REPORT EVALUATION FROM MAYVIEW;DET. THOMAS WOLFSON; HERBERT
FOOTE; OFFICER THOMAS GLENN; DA. ROBERT E. COLVILLE; ADA
ELIZABETH BROWN; ADA KEMAL A. MERICLI; ADA MICHAEL W. STREILY;
ADA RONALD M. WABBY, JR.; DA STEPHEN A. ZAPPATA, JR.; ADA SANDRA
PREUHS; DDA CLAIRE CUPRISTO; WALKER, Capt. of RHU 5/16/15; RHONDA
HOUSE, Grievance Officer; LOIS ALLEN, Grievance Officer; SUE BERRIES, Health
Care Administrator; T. NEWMAN, Sgt. of RHU; MS PALMER, Unit Manager;
LT. BURTON; PARKER; SGT POSKA, RHU; JAMES C. BARNACLES; DANIEL
BURNS, Warden; PAUL A. ENNIS, Major; W. COLE, PRC CC P.M.; M.
OVERMYER, PRC; E TICE, DSFM PRC; S. SIEGAL, Grievance Coordinator; CAPT.
B. SMITH; LT. MURIN; LT. BURKHART; MAJOR CONRAID; HOCKEL, Capt. of
Security; HAGGERTY, Lt. of Security; CARTER, Lt of Security; KIM SMITH, Health
Care Administrator; JAMIE FERDARKO, RNS; BILL MURRY, Nurse; DOUG
BEATTY, Nurse; BILL BROWN, Nurse; PA RHONDA; B. HAUPT, Unit Manager;
DOMBROWSKI, SGT RHU; CO HENRATTY; CO GUTHRIE; K. P. REISINGER,
Hearing Examiner; THOMAS LAVAN, Warden; MICHALE KLOPOTOSKI, Warden;
BEN VARNER, Warden; ROBIN LUCAS, Grievance Coordinator; J. JESSE, MD;
DORINA VARNER, Chief Grievance Officer; CO MS LEAR; APRIL GROMEL, Staff;
ANN MARIE CHIAMPI, School Principal; CHARLES J. MCKEOWN, Hearing
Examiner; PENNSYLVANIA BOARD OF PROBATION & PAROLE;
SUPERINTENDENT CRESSON SCI, From 1994-1997; CRESSON SCI MEDICAL
DEPARTMENT, From 1994-1997; SUPERINTENDENT PITTSBURGH SCI; DR.
KATE CERWIN; DR. PETTRI; CRESSON SCI HEALTH CARE ADMINISTRATION;
DR. CHO; SUPERINTENDENT FRACKVILLE SCI; JEROME WALSH;

C.O. SMACKO; MYRON STANISHEFSKI; SGT. LONG; SGT. MARVITZ; MEREDITH GEORGE; P.A. DARLA; CHERCK; DR. SAAVEDRA; S. M. GATES; DR. JIN; K. RANDOLPH; ROSCNER; MAJOR JOSEPH TREMPUS; JAY LANCE; L. FISCHER; LT. ROHIAL; SGT. HUTT; SGT. DIPASQUALE; SGT. LYNCH; SGT. MURPHY; MACKEY; ROBIN LEWIS; ADA SALLY K. KAYE; ADA MARGARET IVORY

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(W.D. Pa. Civil Action No. 1-16-cv-00007)
District Judge:  Honorable Barbara Jacobs Rothstein

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
November 21, 2017
Before:  CHAGARES, GREENAWAY, Jr., and GREENBERG, <u>Circuit</u> <u>Judges</u>

(Opinion filed December 21, 2017)
_____

OPINION[*]
_____

PER CURIAM

Pro se plaintiff-appellant Howard Carter appeals the District Court's dismissal of

his claims against sixteen defendants pursuant to 28 U.S.C. § 1915(e)(2)(B).  Because we

conclude that this appeal presents no substantial question, we will summarily affirm the

District Court's judgment.  <u>See</u> 3d Cir. LAR 27.4; I.O.P. 10.6.

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Carter claims that dozens of defendants deprived him of his constitutional rights in violation of 42 U.S.C. § 1983 during his December 1994 arrest, subsequent conviction for murder, and present incarceration at SCI Fayette. Carter filed numerous motions to proceed in forma pauperis ("IFP") in the District Court.

On September 12, 2016, adopting a Magistrate Judge's report and recommendation over Carter's objections, the District Court granted his motions to proceed IFP and subsequently dismissed his claims against sixteen defendants as part of a standard screening of claims brought by IFP plaintiffs pursuant to 28 U.S.C. § 1915(e)(2)(B). By order entered on August 22, 2017, the District Court designated its September 2016 decision as a final judgment per Federal Rule of Civil Procedure 54(b). Carter filed a timely notice of appeal on August 30, 2017. See Fed. R. App. P. 4(c)(1); Houston v. Lack, 487 U.S. 266, 276 (1988) (holding that a notice of appeal submitted by a prisoner may be deemed "filed at the time [the] petitioner delivered it to the prison authorities for forwarding to the court clerk").

We have jurisdiction pursuant to 28 U.S.C. § 1291 based on the District Court's entry of final judgment pursuant to Federal Rule of Civil Procedure 54(b). See Fed. R. Civ. P. 54(b) ("[W]hen multiple parties are involved [in a case], the court may direct entry of a final judgment as to one or more, but fewer than all . . . parties . . . if the court expressly determines that there is no just reason for delay."). We exercise plenary review

3

over the District Court's dismissal of Carter's claims. See Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990). Carter's pro se filings are to be "liberally construed" and his "pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007). We may summarily affirm the District Court's decision if there is no substantial question presented on appeal, see 3d Cir. LAR 27.4 and I.O.P. 10.6, and may rely "on any basis supported by the record." See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

Carter argues that he has sufficiently alleged that defendants violated his constitutional rights under § 1983. The District Court addressed Carter's claims by separating defendants into three groups. Defendants Colville, Zappata, Cupristo, Streily, Kaye, Dugan, Wabby, Preuhs, Ivory, Brown, and Mericli were all Assistant District Attorneys for Allegheny County at the time of Carter's trial and conviction. Defendant Brennan was a public defender who participated in his defense. Finally, defendants Dr. Rozin, Police Officer Glenn, Detective Wolfson, and Detective Foote allegedly conspired to violate Carter's constitutional rights at trial. We conclude that the District Court properly dismissed Carter's claims against all sixteen defendants.

First, the District Attorney defendants are entitled to absolute immunity from liability on Carter's § 1983 claims against them. Carter vaguely claims that he is entitled

4

to damages because some of these defendants committed unlawful acts in the course of the prosecution against him; others are merely listed as members of the Allegheny County District Attorney's Office in his complaint. "[A]cts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity." Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993). None of Carter's allegations indicate that these defendants were acting outside of their roles as advocates for the State in the course of Carter's prosecution.

Next, Carter's public defender, Brennan, is not a state actor against whom Carter can bring a § 1983 claim under these circumstances. Carter maintains that Brennan somehow failed to protect his constitutional rights during the course of his trial. Public defenders do not act under color of state law when they "exercise . . . independent professional judgment in a criminal proceeding." Polk Cty. v. Dodson, 454 U.S. 312, 324 (1981). Carter's conclusory allegations could not establish that Brennan acted outside of that capacity.

Finally, the remaining four defendants allegedly conspired to provide false testimony in Carter's trial, thus undermining his conviction. Defendants Rozin, Glenn, and Foote all allegedly lied under oath during his trial, while defendant Wolfson signed his name on a discovery packet. "[W]itnesses are absolutely immune from damages

5

liability based on their testimony," including "government officials who testify about the performance of their official duties." Briscoe v. LaHue, 460 U.S. 325, 326 (1983). Although Carter claims that these defendants somehow "conspired" to violate his constitutional rights at trial, he only alleges that defendants Rozin, Glenn, and Foote testified at his trial. Rozin, Glenn, and Foote are therefore absolutely immune from liability here.

Regarding defendant Wolfson, Carter alleges that one of the ADA defendants failed to turn over one piece of evidence to his public defender out of a larger discovery packet that Wolfson signed; Glenn and Foote later relied upon this piece of evidence in their testimony. "To state a claim under section 1983, a plaintiff must demonstrate that some person has deprived him of a federal right . . . [and] that the person who has deprived him of that right acted under color of state or territorial law." Halsey v. Pfeiffer, 750 F.3d 273, 290 (3d Cir. 2014) (internal quotation mark omitted). Carter's allegations regarding defendant Wolfson fail to establish any deprivation of a federal right — he does not allege that Wolfson fabricated evidence that was relied upon to convict him or was otherwise involved in his arrest or conviction beyond signing a discovery packet. Carter does not connect Wolfson to other defendants; his conclusory assertion that all sixteen defendants, and other defendants, were involved in a conspiracy to deprive him of his constitutional rights during his trial does not bolster his claim against Wolfson.

6

Carter cannot state a § 1983 claim against Wolfson where he has not explained how Wolfson deprived him of a federal right, a threshold requirement under § 1983. Accordingly, we will summarily affirm the District Court's dismissal of Carter's claims against these defendants.