DLD-265                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-1874
_____

ROGER WILSON,
                              Appellant

v.

US GOV'T; RENEWAL CENTER
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(W.D. Pa. Civil Action No. 2-18-cv-00308 )
District Judge:  Honorable Nora Barry Fischer

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
July 12, 2018
Before:  JORDAN, SHWARTZ and KRAUSE, Circuit Judges

(Opinion filed: July 20, 2018)
_____

OPINION[*]
_____

PER CURIAM

       Roger Wilson, proceeding pro se, appeals an order of the United States District

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Court for the Western District of Pennsylvania dismissing his complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B). We will summarily affirm the judgment of the District Court.

Wilson filed a complaint against the United States Government and the Renewal Center Halfway House alleging that the defendants arrested him in 2011, held him without a trial knowing that he was innocent, and stole his patents. In a separate filing, Wilson stated that he sought to press charges against the persons who have his patents in order to get money that he is owed. Wilson brought his complaint pursuant to 18 U.S.C. § 1585, which prohibits the seizure, detention, transportation, or sale of slaves. He stated that the defendants enslaved him and he sought $50 billion in damages.

The District Court adopted the Magistrate Judge's report and recommendation to dismiss the complaint as frivolous because it is based on an indisputably meritless legal theory. The Magistrate Judge explained that, while there is a civil remedy for a violation of § 1585, Wilson had alleged no facts supporting a claim that he was a victim of slavery. The District Court overruled Wilson's objections to the report in which he challenged the procedures that were used and asserted that he was enslaved when he was placed in jail without a trial, parole revocation hearing, or conviction. This appeal followed.

We have jurisdiction pursuant to 28 U.S.C. § 1291. Our standard of review is plenary. Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990).

The District Court's decision is supported by the record. Wilson has not shown that improper procedures were used in his case, see 28 U.S.C. § 636(b) (authorizing recommendations by a Magistrate Judge), that his incarceration implicates § 1585, or that

2

he has a non-frivolous claim related to his patents. His complaint was properly

dismissed. <u>See</u> <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989).

Because this appeal does not present a substantial question, we will summarily

affirm the judgment of the District Court[1]

---

[1] The motion for summary affirmance filed by the United States is granted; its request to stay the briefing schedule is denied as moot.