DLD-266                                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-1875
_____

ROGER WILSON,
                                        Appellant

v.

MIKE HEALEY
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(W.D. Pa. Civil Action No. 2-18-cv-00311)
District Judge:  Honorable Nora Barry Fischer

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
July 12, 2018
Before:  JORDAN, SHWARTZ and KRAUSE, Circuit Judges

(Opinion filed: July 20, 2018)
_____

OPINION*
_____

PER CURIAM

        Roger Wilson, proceeding pro se, appeals an order of the United States District

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Court for the Western District of Pennsylvania dismissing his complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B). We will summarily affirm the judgment of the District Court.

Wilson filed a complaint against attorney Mike Healey, who was appointed to represented him at a supervised release violation and revocation hearing. Wilson's complaint is not very clear. He alleges that Healey allowed the judge to find him incompetent and allowed his case to go to trial without a preliminary hearing and after the supervised release officer lied under oath. He also avers that Healey allowed him to be detained outside his district before a trial or conviction and for a period greater than his sentence. Wilson also alleges that his patents were stolen. Wilson brought his complaint pursuant to 18 U.S.C. § 1584, which prohibits holding or selling persons into involuntary servitude, and sought $100 million in damages.

The District Court adopted the Magistrate Judge's report and recommendation to dismiss the complaint as frivolous because it is based on an indisputably meritless legal theory. The Magistrate Judge explained that, while there is a civil remedy for a violation of § 1584, Wilson had alleged no facts supporting a claim that he was a victim of slavery. The District Court overruled Wilson's objections to the report in which he challenged the procedures that were used and reiterated his complaints about the incompetency ruling, the length of his detention, and the theft of his patents. This appeal followed.

We have jurisdiction pursuant to 28 U.S.C. § 1291. Our standard of review is plenary. Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990).

2

The District Court's decision is supported by the record. Wilson has not shown that improper procedures were used in his case, see 28 U.S.C. § 636(b) (authorizing recommendations by a Magistrate Judge), that his allegations implicate § 1584, or that he has a non-frivolous claim against Healey related to his criminal case or his patents. Wilson's complaint was properly dismissed. See Neitzke v. Williams, 490 U.S. 319, 325 (1989).

Because this appeal does not present a substantial question, we will summarily affirm the judgment of the District Court.