DLD-264                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-1873
_____

ROGER WILSON,
                              Appellant

v.

MCKEESPORT POLICE DEPT/CITY OF MCKEESPORT; SECURITY EXCHANGE
COMM.; US GOV'T; STATE OF PA
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(W.D. Pa. Civil Action No. 2-18-cv-00307)
District Judge:  Honorable Nora Barry Fischer
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
July 12, 2018
Before:  JORDAN, SHWARTZ and KRAUSE, Circuit Judges

(Opinion filed: July 20, 2018)
_____

OPINION*
_____

PER CURIAM

        Roger Wilson, proceeding pro se, appeals an order of the United States District

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Court for the Western District of Pennsylvania dismissing his complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B). We will summarily affirm the judgment of the District Court.

Wilson filed a complaint against the McKeesport Police Department and other defendants alleging that he filed complaints in 2011 and 2017 about Delta Airlines' theft of "10 million in stock." He averred that the police investigated and then refused "to get it." Wilson also alleged that he complained to the Securities and Exchange Commission and that it refused to do its job. Wilson brought his claims pursuant to 18 U.S.C. § 1503, which prohibits certain forms of obstruction of justice, and sought $25 million in damages.

The District Court adopted the Magistrate Judge's report and recommendation to dismiss the complaint as frivolous because it is based on an indisputably meritless legal theory. The Magistrate Judge explained that criminal statutes, such as § 1503, do not give rise to a civil cause of action. The District Court overruled Wilson's objections to the report in which he challenged the procedures that were used and asserted that his claims may be brought under antitrust laws. This appeal followed.

We have jurisdiction pursuant to 28 U.S.C. § 1291. Our standard of review is plenary. Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990).

The District Court's decision is supported by the record. Wilson has not shown that improper procedures were used in his case. See 28 U.S.C. § 636(b) (authorizing recommendations by a Magistrate Judge). To the extent § 1503 has any applicability, we agree with the District Court that it does not provide for a private cause of action. Cf.

2

<u>Ziglar v. Abbasi</u>, 137 S. Ct. 1843, 1855-56 (2017) (courts will not create a private cause of action where a statute does not itself so provide); <u>Central Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.</u>, 511 U.S. 164, 190 (1994) (noting reluctance to infer a private right of action from a criminal prohibition alone). Wilson has not shown that he has a non-frivolous antitrust claim. His complaint was properly dismissed. <u>See</u> <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989).

Because this appeal does not present a substantial question, we will summarily affirm the judgment of the District Court.[1]

---

[1] Wilson's motion and supplemental motion for leave to raise the amount of damages sought in his complaint are denied. The motion for summary affirmance filed by the United States is granted; its request to stay the briefing schedule is denied as moot.