DLD-263                                                            **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-1872
_____

ROGER WILSON,
                            Appellant

v.

CHRIS EYSTER; PAUL BOAS
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(W.D. Pa. Civil Action No. 2-18-cv-00306)
District Judge:  Honorable Nora Barry Fischer
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
July 12, 2018
Before:  JORDAN, SHWARTZ and KRAUSE, Circuit Judges

(Opinion filed: July 20, 2018)
_____

OPINION[*]
_____

PER CURIAM

        Roger Wilson, proceeding pro se, appeals an order of the United States District

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Court for the Western District of Pennsylvania dismissing his complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B). We will summarily affirm the judgment of the District Court.

Wilson filed a complaint against attorneys Chris Eyster and Paul Boas. He alleged that Eyster and Boas took his money, did not do any work or prove his innocence in connection with charges brought against him in 2006 and 2007, enslaved him by selling him out, and stole his patents. Wilson brought claims pursuant to 18 U.S.C. § 1589, a criminal statute prohibiting forced labor, and 18 U.S.C. § 1708, a criminal statute prohibiting theft or receipt of stolen mail, and sought two billion dollars in damages.

The District Court adopted the Magistrate Judge's report and recommendation to dismiss the complaint as frivolous because Wilson's claims are based on indisputably meritless legal theories. The Magistrate Judge explained that a civil suit can be brought for a violation of § 1589, but that Wilson did not allege facts supporting a claim that he was a victim of forced labor. The Magistrate Judge also stated that there is no private cause of action for a violation of § 1708 and recommended denying supplemental jurisdiction to the extent Wilson was trying to assert any state law claims. The District Court overruled Wilson's objections to the report in which he challenged the procedures that were used, asserted that he wished to claim a violation of 18 U.S.C § 1584, and disputed that he could not sue for theft by deception. This appeal followed.

We have jurisdiction pursuant to 28 U.S.C. § 1291. Our standard of review is plenary. Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990).

2

The District Court's decision is supported by the record. Wilson has not shown that improper procedures were used in his case. See 28 U.S.C. § 636(b) (authorizing recommendations by a Magistrate Judge). To the extent he sought to bring a claim under § 1584, which prohibits the sale of a person into involuntary servitude, Wilson did not show that this statute is implicated or that he has a non-frivolous claim. In addition, as recognized by the District Court, § 1708 does not provide for a private cause of action. Cf. Ziglar v. Abbasi, 137 S. Ct. 1843, 1855-56 (2017) (courts will not create a private cause of action where a statute does not itself so provide); Central Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A., 511 U.S. 164, 190 (1994) (noting reluctance to infer a private right of action from a criminal prohibition alone). Wilson's complaint was properly dismissed. See Neitzke v. Williams, 490 U.S. 319, 325 (1989).

Because this appeal does not present a substantial question, we will summarily affirm the judgment of the District Court.