**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-2927
_____

JASON L. BROWN,
                                        Appellant

v.

CITY OF PHILADELPHIA, ET AL.; CITY COMMISSIONERS VOTER
REGISTRATION DIVISION; CITY OF PHILADELPHIA LAW DEPARTMENT
(Assistant City Solicitor Jonathan Cooper)
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2:17-cv-03242)
District Judge:  Honorable Nitza I. Quiñones Alejandro
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 9, 2018

Before: GREENAWAY, JR., BIBAS and ROTH, <u>Circuit</u> <u>Judges</u>

(Opinion filed: September 20, 2018)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Jason Brown appeals from the District Court's dismissal of his amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). For the reasons that follow, we will affirm that decision.

I.

In July 2017, Brown initiated this pro se action by filing a complaint in the District Court against the "City of Philadelphia, et al[.]," specifically referring to Philadelphia's Law Department ("the Law Department") and its City Commissioners' Voter Registration Division ("the Voter Registration Division"). The complaint, which was accompanied by a motion to proceed in forma pauperis ("IFP"), alleged that Brown's "voting[] rights are being abridged," and that the defendants "are engaging in election crimes under its domain and conducting criminal activities of theft that [he] was the victim of." (Compl. 3.) Additionally, the complaint referred to a prior pro se action that Brown had filed in the District Court — No. 2:16-cv-4529[1] — and alleged that he had been "swindled out of a default" in that case. (Id.)

The District Court granted Brown's IFP motion and screened his complaint pursuant to § 1915(e)(2)(B). Upon completing that screening, the District Court dismissed the complaint without prejudice for failure to comply with Federal Rule of

---

[1] In that prior action, the District Court dismissed Brown's amended complaint against the Voter Registration Division and others, explaining that his "allegations are implausible and his pleading is incoherent." (Dist. Ct. Order entered in No. 2:16-cv-4529 on June 6, 2017, at 3 n.2.) Brown did not appeal from that judgment.

2

Civil Procedure 8(a)'s filing requirements.[2]  In that dismissal order, the District Court (a) explained what Brown needed to include in his amended complaint,[3] and (b) cautioned him to "not attempt to litigate claims that have been raised in any other case that he filed in th[at] Court."  (Dist. Ct. Order entered July 28, 2017, at 1.)

Brown subsequently filed his amended complaint.  In that five-page pleading, Brown explained that he was suing the defendants "for abridging [his] voting rights . . ., mail fraud and conspiracy to rights."  (Am. Compl. 2.)  He alleged, inter alia, that he "feel[s] as if he is being targeted by the city government for statistical purposes to facilitate political endeavors," that the Voter Registration Division "is questioning [its] employment integrity through the plaintiff party in their intentional acts," that his "voting rights are being overly monitored and of course are being abridged in the future," that one of the Law Department's attorneys "portrayed himself as a ghost judicial capacity," and "that private property was taken for public use through acts of gerrymandering that the

---

[2] Under that rule, a complaint must contain (1) "a short and plain statement of the grounds for the court's jurisdiction," (2) "a short and plain statement of the claim showing that the pleader is entitled to relief," and (3) "a demand for the relief sought." Fed. R. Civ. P. 8(a).

[3] The District Court informed Brown that his amended complaint must

> (1) describe the specific events which serve as the basis for his claims, and the dates on which these events took place; (2) identify the individuals involved in his claims; (3) state how each of the defendants is involved in his claims; (4) state the harm he suffered, if any, from each violation; and (5) state the relief that he is seeking through this action.

(Dist. Ct. Order entered July 28, 2017, at 1.)

. . . Voter Registration Division revealed for alleged economic growth in its 'statistical parable' that granted the defendants unauthorized positioning to proceed frivolously for the City of Philadelphia." (Id. at 2-3 (emphasis omitted).)

In light of the allegations in the amended complaint, Brown sought the following relief: (a) $500,000 in damages; (b) indemnification "for the unauthorized voter registration contracts[,] as [he] only filled out [1] voter registration form for [1] field representative"; and (c) an injunction directing the Voter Registration Division to "revise the job specifications for Election and Voter Registration Clerks, where the specification will detail the job as per diem or intermittent if statistics are allowed to be reviewed for individual[s] who show they have no voter registration, and not as a daily job." (Id. at 4-5 (emphasis omitted).) Brown asserted that this injunction would "legitimately prepare work in the election purpose bracket," and "minimize the illegality of registering voters in a facilitating or temporary facilitating posture." (Id. at 5.)

On August 28, 2017, the District Court dismissed Brown's amended complaint and closed the case. In doing so, the District Court explained that this pleading was frivolous under § 1915(e)(2)(B)(i) because it was "legally and factually unintelligible." (Dist. Ct. Order entered Aug. 28, 2017.) Thereafter, Brown timely filed this appeal, challenging the August 28 order.[4]

_____

[4] We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291, and we exercise plenary review over the District Court's dismissal of Brown's amended complaint. See Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990).

II.

When, as here, a plaintiff proceeds IFP before the district court, that court must dismiss his pleading if it is frivolous. See 28 U.S.C. § 1915(e)(2)(B)(i). A pleading is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). In this case, the District Court's order dismissing Brown's original complaint clearly explained what he needed to include in his amended complaint. Nevertheless, Brown subsequently filed an amended complaint that is far from a model of clarity. Although pro se pleadings "must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)), even a liberal reading of Brown's amended complaint fails to reveal any coherent factual allegations that might support a viable cause of action against the defendants.

Because we agree with the District Court that Brown's amended complaint is unintelligible, we will affirm the District Court's order dismissing that pleading. Brown's two motions "to file exhibits pursuant [to] F.R.A.P. 4(a)(1)(A)" are denied,[5] as

---

[5] Rule 4(a)(1)(A) simply sets forth the time within which an appellant must file his notice of appeal. See Fed. R. App. P. 4(a)(1)(A). To the extent that Brown's two motions invoking this rule seek permission to file (a) a copy of our docket sheet for this appeal, (b) the entry of non-participation filed by the Law Department's attorney in this appeal, and (c) one or more documents that are already part of the record on appeal, those motions are denied as unnecessary. To the extent that those motions seek to *expand* the record, that request is denied because Brown has not demonstrated that this case presents exceptional circumstances. See Burton v. Teleflex Inc., 707 F.3d 417, 435 (3d Cir. 2013).

is his "Motion pursuant [to] F.R.A.P[.] 36(a)(1)(2)(b)(2)."[6]  To the extent that Brown's appellate brief raises issues concerning his prior District Court case (No. 2:16-cv-4529), those issues are outside the scope of this appeal.[7]  To the extent that Brown's "Motion for relief pursuant [to] 42 U.S.C. § 1985(3) in support of [his] Briefing," filed on July 9, 2018, seeks a judgment of $1.5 million or any other relief, that motion is denied.  Lastly, to the extent that Brown's "Motion To Stay pursuant [to] Federal Rule 8(a)(1)(C)(2)(A) [sic] (Pending Appeal)," filed on September 10, 2018, seeks a stay, an injunction, an order awarding him a monetary judgment, or any other relief, that motion is denied.

---

[6] Rule 36 concerns the entry of judgment on appeal and the notice that must be provided to the parties.  But Brown's motion invoking this rule seems to seek unrelated relief, including an order imposing a fine against the defendants.  That relief, and any other relief sought in this motion, is denied.

[7] Although we decline to liberally construe Brown's notice of appeal as challenging the District Court's judgment in that prior case, we note, without deciding, that his appellate brief has not identified even a colorable argument for disturbing that judgment.