IN THE SUPREME COURT OF THE STATE OF DELAWARE

DETLEF HARTMANN,        §
                                     § No. 203, 2021

       Plaintiff Below,        §
       Appellant,        §
                                     § Court Below–Superior Court
       v.        § of the State of Delaware
                                     §

STATE OF DELAWARE, DOC        §
COMMISSIONER CLAIRE        § C.A. No. N21C-06-071
DEMATTEIS, and WARDEN        §
ROBERT MAY,        §
                                     §
       Defendants Below,        §
       Appellees.        §

Submitted: January 21, 2022
Decided: March 28, 2022

Before **VALIHURA**, **TRAYNOR**, and **MONTGOMERY-REEVES**, Justices.

## <u>ORDER</u>

After careful consideration of the parties' briefs, the appellant's motion for default judgment,[1] and the record on appeal, it appears to the Court that:

---

[1] Including this motion for default judgment, the appellant has filed sixteen motions in connection with his appeal. With the exception of his motion for a page extension, which was granted, and his motion to amend the case caption, which was granted in part, all the motions were either stricken or denied. *See Hartmann v. State*, No. 203, 2021, Order (Aug. 5, 2021) (striking Hartmann's motions for appeal and for appeal grounds and denying Hartmann's motion to expedite, motion for appointment of counsel, and motion to stay); *Hartmann v. State*, No. 203, 2021, Order (Oct. 26, 2021) (granting in part Hartmann's motion to amend the caption and denying Hartmann's motion to seal, motion for expert witness fees, and motion for appointment of counsel); *Hartmann v.* State, No. 203, 2021, Order (Nov. 18, 2021) (denying Hartmann's motions for emergency relief in the form of an injunction or a temporary restraining order). Because we affirm the Superior Court's judgment, the appellant's motion for default judgment is denied as moot.

(1)    The appellant, Detlef Hartmann appeals the Superior Court's order dismissing his civil complaint as legally frivolous.  We find no merit to the appeal and affirm the Superior Court's judgment.

(2)    On June 9, 2021, Hartmann filed a *pro se* complaint against the State of Delaware, Department of Correction ("DOC") Commissioner Claire DeMatteis, and Warden Robert May (together, the "Defendants") in the Superior Court.  The complaint alleges that the Defendants violated (i) Hartmann's constitutional rights under the First, Fourth, Fifth, Sixth, Eighth, Ninth, Tenth, and Fourteenth Amendments of United States Constitution; (ii) his constitutional rights under "Sections 1, 4, 5, 7, 8, 9, 10, [and] 16" of the Delaware Constitution; (iii) his "accommodation for disability and indigency rights;" (iv) his "pro se rights;" (v) his "civil rights;" (vi) his "public rights;"  (vii) 42 *U.S.C.* § 1983; (viii) DOC's policies; (ix) Title 11 of the Delaware Code; and (x) the Racketeer Influenced and Corrupt Organizations Act ("RICO").  In seven pages dedicated to his prayer for relief, Hartmann seeks, among other things, a personal laptop, internet access, a professional assistant, appointment of counsel, injunctive relief, forty-nine million dollars in damages, "treble damages" under RICO, and, until the case settles, a monthly nonrefundable payment of two million dollars.

(3)     As required by the *in forma pauperis* statute, 10 *Del. C.* § 8803, the Superior Court conducted an initial review of Hartmann's complaint.[2]  Finding that the complaint is legally frivolous and that it plainly appears from the face of the complaint that Hartmann is not entitled to the relief he seeks, the Superior Court dismissed the complaint.  This appeal followed.

(4)     On appeal, Hartmann argues that the Superior Court abused its discretion when it dismissed his complaint and provides more details concerning his claims, which center on allegations that DOC is depriving him of his constitutional liberties, he is housed in inhumane living conditions, and the Defendants are engaged in human trafficking, racketeering, and other acts of corruption.  Hartmann asks this Court to appoint a "special court" to handle this case because of the systemic "historical harms and violations" at issue.  Hartmann also argues that we should order his immediate release from custody.

(5)     We review the dismissal of a complaint as legally frivolous under Section 8803(b) for abuse of discretion.[3]  Dismissal of an indigent plaintiff's

---

[2] 10 *Del. C.* § 8803(b) ("Upon establishing the amount of fees and costs to be paid, the court shall review the complaint.  Upon such review, the complaint shall be dismissed if the court finds the action is factually frivolous, malicious, or, upon a court's finding that the action is legally frivolous and that even a *pro se* litigant, acting with due diligence, should have found well settled law disposing of the issue(s) raised.  Any order of dismissal shall specifically identify whether the complaint was factually frivolous, legally frivolous and/or malicious.  Service of process shall not issue unless and until the court grants leave following its review.").

[3] *See Deputy v. Dr. Conlan*, 2007 WL 3071424, at *1 (Del. Oct. 22, 2007) (citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (construing the federal *in forma pauperis* statute, 28 *U.S.C.* § 1915(d))).

3

complaint as legally frivolous is warranted in "those cases in which either it is readily apparent that the plaintiff's complaint lacks an arguable basis in law or that the defendants are clearly entitled to immunity."[4]

(6)     We conclude that the Superior Court did not abuse its discretion when it dismissed Hartmann's complaint as legally frivolous because the allegations in Hartmann's complaint (i) are overbroad and conclusory in that they contain no supporting factual allegations and (ii) do not plead the elements of any cognizable claim under the statutes and constitutional provisions cited.  To the extent that Hartmann alleges that DOC is not complying with its policies by, for example, denying him access to the law library or his legal paperwork, the proper vehicle for seeking relief is a petition for a writ of mandamus filed in the Superior Court.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.  The motion for default judgment is denied as MOOT.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice

---

[4] *Roman v. Jeffes*, 904 F.2d 192, 194 (3d. Cir. 1990) (internal quotation marks and citation omitted).

4